# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* LINCE, Minors.

UNPUBLISHED
August 11, 2015

No. 324969
Livingston Circuit Court
Family Division
LC No. 13-014542-NA

Before: SAWYER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating her parental rights to her two children under MCL 712A.19b(3)(c)(*i*), MCL 712A.19b(3)(g), and MCL 712A.19b(3)(j). Because the trial court did not clearly err when it found that the Department of Health and Human Services established a ground for termination and that termination was in the children's best interests, we affirm.

## I. BASIC FACTS

In August 2013, the Department petitioned to remove the children from their parents care. Both respondent and the children's father entered pleas allowing the court to take jurisdiction. As part of her plea, respondent admitted to alcohol use and admitted that the children's home was unsanitary and unsuitable. The Department developed a Parent-Agency Treatment Plan. The plan required respondent to participate in services to address her issues with mental and physical health, substance abuse, domestic relations, housing, and to help her develop better parenting skills.

Initially, respondent made progress toward reunification. She completed a parenting class, submitted to random drug screens, attended counseling, received psychological and substance abuse evaluations, and participated in domestic violence counseling. She attended parenting time. She moved in with a friend and found gainful employment as a server in a restaurant. Although she was not in full compliance with her plan, the trial court found that there had been progress following review hearings in December 2013, March 2014, and June 2014. The court also found that the children's father was making progress with his plan and the children were eventually returned to his care.

In early July 2014, respondent decided to travel to California to visit her boyfriend. She reported that she lost her identification and was unable to immediately return. She then opted to remain in California with her boyfriend.

-1-

At the termination hearing, respondent testified that she was living with her boyfriend and her boyfriend's mother. She did not have a job and depended on her boyfriend to meet her needs. She did not contact the Department or provide it with her new address. Further, she did not participate in substance abuse treatment in California, did not submit to drug screens, and did not continue any of the services that she had been ordered to complete as part of her plan. She had located services that she could complete, but said she did not have the money to participate in the services. She denied using drugs or alcohol since going to California. Respondent acknowledged that the last time she physically saw her children was about three months before the termination hearing. She also did not know where her children were going to school or who their teachers were. She admitted that she was doing "nothing" to provide proper care and custody for the children and said the last time she provided anything for them was in June 2014.

## II. GROUNDS FOR TERMINATION

Respondent first argues that the trial court erred when it terminated her parental rights because the Department did not provide her with reasonable reunification efforts. The Department is generally obligated to "make reasonable efforts to rectify conditions, to reunify families, and to avoid termination of parental rights." *In re LE*, 278 Mich App 1, 18; 747 NW2d 883 (2008). However, while it has "a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). Respondents must demonstrate a benefit from, not mere compliance with, the services offered to them. *Id*.

Respondent argues that the Department improperly failed to provide her with services in California, which amounts, in her view, to the denial of reasonable reunification efforts. She relies on the trial court's earlier findings that she had been making progress as evidence that, had she been provided with services in California, she would have continued to make progress. We do not agree that the Department bore the responsibility of tracking respondent down in California and arranging for her to have services there.

The Department provided respondent with numerous services aimed at reunification, including a substance abuse evaluation, substance abuse screening, substance abuse counseling, a psychological evaluation, psychological counseling, a parenting skills class, supervised parenting time, and mental health services. Despite the Department's efforts, respondent chose to follow her boyfriend to California and forego continued interaction with her children. She also chose not to notify the Department of her new address. It was not, therefore, a lack of effort by the Department that led to the termination of respondent's parental rights; it was respondent's decision to place her own desires over the needs of her children. The Department made reasonable efforts to reunify respondent with her children.

Respondent next argues that the trial court clearly erred when it found that the Department had established grounds for termination. The trial court found that the Department established by clear and convincing evidence grounds to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j).

The trial court may terminate a parent's parental rights under MCL 712A.19b(3)(c)(*i*) when the "conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Here, the conditions that led to adjudication included deplorable home conditions and substance abuse. The evidence submitted showed that respondent had completed a parenting class, a psychological evaluation, and a substance abuse assessment. She failed, however, to follow through with the recommendations from the assessments. She did not engage in substance abuse counseling, did not follow through with the offered and recommended psychiatric assessment, and failed to complete any drug screens after leaving Michigan. Additionally, when she was submitting to drug screens, she missed screens, tested positive, and had diluted samples. Finally, although she testified that she does not have a substance abuse problem anymore, testimony at the hearing indicated that respondent uses substances and alcohol while camping with her boyfriend.[1]

The trial court did not clearly err when it found that the Department established this ground for termination.

Termination was also proper under subsection (g), which provides that a trial court may terminate a parent's parental rights when the "parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." MCL 712A.19b(3)(g). The record demonstrated that respondent showed no insight into her parenting difficulties. Although she completed a parenting class and claimed to benefit from it, she was unable to name a single thing she had learned in the class, ostensibly because she was testifying too early in the morning. She also chose to move to California, putting her needs ahead of her children's needs, even though she acknowledged that they would likely have emotional difficulty with her absence. She only contacted the children once after going to California. She also admitted that she was doing "nothing" to provide proper care and custody for them. Given that she had not benefited from the services provided, had not completed all the services, and was, by her own admission, doing nothing to provide for her children, the trial court did not err in terminating her rights under MCL 712A.19b(3)(g).

The trial court may also terminate a parent's parental rights if "there is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." MCL 712A.19b(3)(j). The harm may be either physical or emotional harm. *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011). There was evidence that respondent placed her desire to be with her boyfriend over her children's needs and that this decision harmed the children emotionally. The evidence that respondent places her own desires over the emotional well-being of her children supported the trial court's finding that the Department established this ground by clear and convincing evidence.

---

[1] Although this testimony was hearsay, it was admissible. MCR 3.977(H)(2).

## III. BEST INTERESTS

Lastly, respondent argues the trial court erred when it terminated her parental rights because termination was unnecessary given that the children were being provided with proper care and custody by their father.

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). "[W]hether termination of parental rights is in the best interests of the child must be proven by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). Further, "because 'a child's placement with relatives weighs against termination under MCL 712A.19a(6)(a),' the fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is in the child's best interests." *Id.* at 43, quoting *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010).

Here, the trial court expressly noted that the children had been placed with their father and that he had completed his case services plan. However, the trial court still found that termination of respondent's parental rights was in the children's best interests. The court found that over 91 days elapsed between respondent's last visit with her children and the termination proceeding, and that during that period respondent made no effort to be part of her children's lives. In particular, the court found it telling that respondent displayed no apparent interest in her children's daily lives. The court found that respondent clearly chose to invest her energy in her boyfriend and to be dependent on him for income and housing.

The trial court found that the bond between respondent and the children was insufficient to justify maintaining the parental relationship in light of the inherent dangers with respondent's substance abuse and that respondent could not provide the children with the stability and permanence that they needed. In particular, the court found that respondent had made little progress and had not benefited from her case services plan. The trial court found that leaving respondent's parental rights intact would leave the children exposed to constant instability and jeopardize their emotional well-being. Given the trial court's detailed findings, which were supported by the record, we conclude that the trial court did not clearly err in finding that termination was in the children's best interests even considering that their father was currently providing them with proper care and custody. *In re Olive/Metts*, 297 Mich App at 43.[2]

---

[2] Respondent relies on *In re AP*, 283 Mich App 574; 770 NW2d 403 (2009), for the proposition that the trial court should have terminated its jurisdiction after it returned the children to their father's care. However, that decision is inapposite because it addressed the propriety of the trial court entering a custody order during child protective proceedings. *Id.* at 596-599. It did not

The trial court did not err in terminating respondent's parental rights.

Affirmed.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

involve the propriety of terminating parental rights over one parent after returning the child to the other parent's care and custody.