*In re* HUDSON

Docket No. 302214. Submitted September 16, 2011, at Detroit. Decided
      October 11, 2011, at 9:00 a.m. Leave to appeal denied, 490 Mich
      918.

   The Department of Human Services (DHS) filed a petition in the
   Family Division of the Oakland Circuit Court to terminate the
   parental rights of A. Sword-Pope to her minor children. DHS
   became involved because of deplorable housing conditions and
   alleged sexual abuse by respondent against her 14-year-old biologi-
   cal son, A., with whom she had recently reconnected after giving
   him up for adoption at birth. A. had revealed that he had sexual
   intercourse with respondent on numerous occasions after she
   located him. Respondent pleaded no contest to an amended
   termination petition, which included the sexual abuse allegations.
   In a separate criminal proceeding, respondent pleaded guilty of
   first-degree criminal sexual conduct (CSC-I), MCL 750.520b, aris-
   ing out of her sexual activity with A. and was sentenced to a term
   of nine to 30 years in prison. The court, Lisa Ortlieb Gorcyca, J.,
   terminated respondent's parental rights after finding that
   grounds for termination under MCL 712A.19b(3)(b)(*i*), (h), (j), and
   (k)(*ii*) existed. Respondent appealed.

      The Court of Appeals *held*:

      1. Under MCL 712A.19b(3)(k)(*ii*), termination is appropriate if
   the parent abused the child or a sibling of the child and the abuse
   included criminal sexual conduct involving penetration, attempted
   penetration, or assault with intent to penetrate. Because respon-
   dent pleaded guilty of CSC-I in relation to her sexual abuse of A.,
   there was clear and convincing evidence to support termination of
   her parental rights. "Sibling" is defined as one or more individuals
   having one or both parents in common or a brother or sister.
   Respondent was the biological mother of A. and all the minor
   children, who shared some genetic makeup and thus were siblings.
   There was no rational basis for a distinction between a legal
   sibling and a biological sibling in this case.

      2. The same holds true under MCL 712A.19b(3)(b)(*i*), which
   provides that termination is appropriate if the child or a sibling of
   the child suffered sexual abuse, a parent's act caused the physical

injury or physical or sexual abuse, and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the forseeable future if placed in the parent's home. Evidence of how a parent treats one child is evidence of how he or she may treat her other children. Even though no legal relationship existed between respondent and A., her behavior was so egregious as to defy comprehension.

3. There was clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(h), which provides for termination if the parent is imprisoned for more than two years and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time. A present inability to care for one's minor children due to incarceration is not, by itself, grounds for termination. Respondent, however, had failed to provide proper care and custody for the minor children and there was no reasonable expectation that she would be able to do so within a reasonable time. Only the youngest child would still be a minor if respondent were to be released from prison at her earliest release date, and she subjected the children to emotional damage by breaching their trust and confidence in her, placing them in a situation where they no longer resided together as a family unit, and depriving them of her daily presence.

4. There was clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(j), which provides for termination if there is a reasonable likelihood, based on the parent's conduct or capacity, that the child will be harmed if he or she is returned to the home of the parent. Harm to the child under this basis may be emotional, not just physical. Respondent's sexual abuse of A. deprived the minor children of a normal home with her, her denial turned the minor children against A., and she violated their trust when they discovered she was guilty of CSC-I.

4. The trial court did not clearly err by determining that termination of respondent's parental rights was in the best interests of the minor children.

Affirmed.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — ABUSE OF SIBLINGS — DEFINITION OF SIBLING.

A petitioner must establish at least one statutory ground for termination of parental rights by clear and convincing evidence; a biological child who is put up for adoption by a parent is a sibling of that parent's other biological children when determining

whether statutory grounds for termination of parental rights have been established under MCL 712A.19b(3)(b)(*i*) and (k)(*ii*); there is no distinction between a legal sibling and a biological sibling under those subsections.

*Jessica R. Cooper*, Prosecuting Attorney, and *Thomas R. Grden* and *Tanya L. Nava*, Assistant Prosecuting Attorneys, for the Department of Human Services.

*William Lansat* for A. Sword-Pope.

Before: SERVITTO, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM. Respondent appeals as of right the order terminating her parental rights to her minor children pursuant to MCL 712A.19b(3)(b)(*i*), (h), (j), and (k)(*ii*). Because the trial court did not clearly err by finding that a statutory ground for termination was established by clear and convincing evidence or that termination was in the minor children's best interests, we affirm.

The minor children came to the attention of the Department of Human Services (DHS) because of deplorable housing conditions and allegations of sexual abuse by respondent against her 14-year-old biological son, whom she had given up for adoption at birth but with whom she had recently reconnected. The child, A., revealed that he and respondent had engaged in sexual intercourse on numerous occasions after she located him through MySpace. The trial court asserted jurisdiction over the minor children, and the matter proceeded to hearing. Respondent ultimately pleaded guilty to one count of first-degree criminal sexual conduct, MCL 750.520b, relating to her sexual activity with A. and was sentenced to a term of nine years to 30 years in prison. The trial court thereafter terminated respondent's parental rights to her minor children.

A petitioner must establish by clear and convincing evidence at least one statutory ground for termination of parental rights. *In re JK*, 468 Mich 202, 210; 661 NW2d 216 (2003). This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests. MCR 3.977(K); *In re Archer*, 277 Mich App 71, 73; 744 NW2d 1 (2007). A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made. *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

On appeal, respondent contends that the trial court erred by finding that any of the four cited statutory bases for termination were established by clear and convincing evidence. We disagree.

First and foremost, respondent pleaded no contest to an amended petition, which included allegations that she had sexually abused A. Though the trial court declined to terminate respondent's parental rights following the first best-interest hearing, child protective proceedings are viewed as one continuous proceeding. *In re LaFlure*, 48 Mich App 377, 391; 210 NW2d 482 (1973). Respondent's plea, therefore, became evidence in the case, and she claims no irregularity pertaining to her 2009 plea. She now argues that the evidence to support termination was not clear and convincing, which is directly contrary to her plea of no contest. Respondent may not assign as error on appeal something that she deemed proper in the lower court because allowing her to do so would permit respondent to harbor error as an appellate parachute. *People v Green*, 228 Mich App 684, 691; 580 NW2d 444 (1998). In any event, we find that clear and convincing evidence supported the trial court's termination decision. *Archer*, 277 Mich App at 73.

Termination is appropriate pursuant to MCL 712A.19b(3)(b)(*i*) if the child or a sibling of the child has suffered sexual abuse and "[t]he parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home." MCL 712A.19b(3)(k)(*ii*) allows for termination of parental rights if "the parent abused the child or a sibling of the child and the abuse included . . . [c]riminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate."

Respondent admits that she pleaded guilty to a charge of first-degree criminal sexual conduct involving her biological son, but avers that because she gave the child up for adoption at birth, he was not her legal child. Respondent argues that it legally follows that as A. was not the sibling of her other children, termination on the basis of her sexually assaulting him was not appropriate under MCL 712A.19b(3)(b)(*i*) or (k)(*ii*). Aside from the fact that respondent has provided no authority for such position and we may thus deem this issue abandoned, see, e.g., *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999), we disagree with respondent's position.

"Sibling" is not specifically defined in the Juvenile Code. Nor is there any caselaw in Michigan on this particular issue. That being the case, we may consult a dictionary for the proper definition of "sibling." See, e.g., *Halloran v Bhan*, 470 Mich 572, 578; 683 NW2d 129 (2004) (stating that when terms are not defined in a statute, those terms are to be "given their plain and ordinary meanings, and it is proper to consult a dictionary for definitions"). The *American Heritage Dictionary of the English Language* (3d ed), p 1675, defines "sibling"

as "[o]ne of two or more individuals having one or both parents in common; a brother or sister." Respondent is the biological mother of A. and all the minor children at issue; the children share the same mother and thus some of the same genetic makeup. A. and the minor children are thus siblings and there is no rational basis for forging a distinction between a legal sibling and biological sibling under the present factual situation. Clear and convincing evidence thus supported termination pursuant to MCL 712A.19b(3)(k)(*ii*).

The same holds true for termination under MCL 712A.19b(3)(b)(*i*). Respondent contends that no evidence was presented that any of the children would suffer from injury or abuse if placed with her, considering that she will be incarcerated until at least 2019. However, the reason for respondent's incarceration was her sexual abuse of her 14-year-old biological son. Evidence of how a parent treats one child is evidence of how he or she may treat the other children. *In re AH*, 245 Mich App 77, 84; 627 NW2d 33 (2001). It is thus appropriate for a trial court to evaluate a respondent's potential risk to the other siblings by analyzing how the respondent treated another one of his or her children, albeit a child the respondent gave up for adoption. Though no legal relationship exists in such a situation, the reality is that respondent is still the biological mother of the child who was given up for adoption and that child is the biological half-sibling of the respondent's other children. Were respondent's other children at less risk because A. was merely their *biological* and not their *legal* sibling? Respondent's behavior with A. was so egregious as to defy comprehension. It demonstrated more than a mere lack of insight and poor judgment.

Respondent can argue that she perceived A. in a different way than she perceived the rest of her children because she did not raise him. If that is the case, then

her now toddler son would be at the same risk of harm. Assuming that respondent serves only the minimum sentence, she will be released when the child is 15 years old—nearly the same age that A. was when he was reunited with respondent and she sexually abused him.

Clear and convincing evidence also supported termination under MCL 712A.19b(3)(h), which provides for termination if

> [t]he parent is imprisoned for such a period that the child will be deprived of a normal home for a period exceeding 2 years, and the parent has not provided for the child's proper care and custody, and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

Respondent does not dispute that she will be in prison for a minimum of nine years. And as a result of her imprisonment and the circumstances leading up to it, the minor children have undoubtedly been emotionally damaged. They have been split up and no longer reside together in the same home. By the time of respondent's earliest release date, only the youngest child will still be a minor. While one's present inability to care for one's minor children due to incarceration is not alone grounds for termination, *In re Mason*, 486 Mich 142, 160; 782 NW2d 747 (2010), incarceration was not the sole reason for termination in this case. By subjecting the children to emotional damage, breaching their trust and confidence in her, placing them in a situation where they no longer reside together as a family unit, and depriving them of her daily presence, respondent has not provided proper care and custody of the children. She will be imprisoned for a sufficient period that they will be deprived of a normal home for more than two years, and there is no reasonable expec-

tation that respondent will be able to provide the children with proper care and custody within a reasonable time.

Finally, termination was proper pursuant to MCL 712A.19b(3)(j) because "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." Respondent focuses only on the potential of *physical* harm or abuse and ignores the fact that the children had been, and continued to be, at risk of *emotional* harm. Respondent's behavior had already deprived the children of several years of a normal home with her. Her ongoing denial not only turned the children against A. because they believed he was a liar, but also violated the children's trust in respondent when they came to learn more of the allegations against her. Respondent's behavior will have lifelong and profound effects on her children as they come to grips with the fact that she was guilty of first-degree criminal sexual conduct with her own 14-year-old biological child.

For the foregoing reasons, the trial court did not clearly err by finding that the statutory grounds for termination of respondent's parental rights set forth in MCL 712A.19b(3)(b)(*i*), (h), (j), and (k)(*ii*) were established.

The trial court also did not clearly err by determining that termination was in the children's best interests. As indicated by the trial court, all the children were indirectly made victims of respondent's sexual abuse of A. Respondent's criminal behavior and failure to fully appreciate her conduct set a poor example for the children, who looked to her for guidance. Respondent's teenage daughter had difficulty processing what respondent had done and for a long time believed that

respondent was innocent. Respondent played into her daughter's beliefs. At the first best-interest hearing, respondent testified that "I have not, would not ever abuse any of my children. I never did." Later, however, respondent admitted engaging in sexual intercourse with her teenage biological son and pleaded guilty to criminal charges concerning her actions. All the children will have a lifelong struggle dealing with what happened to their family as the result of respondent's reprehensible behavior. Termination of respondent's parental rights was in their best interest and was a necessary step in allowing the children to have the safety, permanence, and stability to which they are entitled.

Affirmed.

SERVITTO, P.J., and MARKEY and K. F. KELLY, JJ., concurred.