# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. J. TELFOR, Minor.

UNPUBLISHED
February 3, 2015

No. 322536
Bay Circuit Court
Family Division
LC No. 13-011441-NA

Before: MURPHY, P.J., and METER and SERVITTO, JJ.

PER CURIAM.

Respondent appeals as of right from the trial court's order terminating her parental rights to her minor son pursuant to MCL 712A.19b(3)(c)(*i*) and § 19b(3)(g). For the reasons set forth in this opinion, we affirm.

"This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); see MCR 3.977(K). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296; 690 NW2d 505 (2004).

MCL 712A.19b provides in relevant part as follows:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

> * * *

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

> * * *

-1-

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

With respect to § 19b(3)(c)(*i*), there is no dispute that the 182-day threshold had been crossed.

The primary issues that brought the child under the jurisdiction of the court were respondent's unstable housing, domestic violence issues, and her history of substance abuse. The record is clear that respondent had been unable to maintain suitable housing during the pendency of this case. Throughout these proceedings, respondent had moved from place to place, including time spent at a homeless shelter. There was some evidence that respondent had been working at a restaurant as a waitress for a week and a half at the time of the termination hearing, and that she had been working as a paid caregiver for her aunt. However, the evidence also showed that respondent had been jobless most of the time during the case, and when she did get a job, she did not keep it.

Moreover, the record shows that respondent did not benefit from the mental health treatment and the substance abuse treatment she received. Respondent was involved in group counseling for trauma and substance abuse, but she was redirected to individual counseling because her attitude in group sessions was not productive. Her participation in the individual counseling was also very poor; she missed eleven individual sessions. Further, respondent consistently tested positive for drugs.

In determining whether there is a reasonable likelihood that the conditions that led to adjudication will be rectified within a reasonable time, the reasonable time properly includes not only how long it will take for the parent to improve conditions but also how long the child can wait for the improvement. *In re Dahms*, 187 Mich App 644, 647-648; 468 NW2d 315 (1991). The minor child in issue was two years old when he was removed from respondent's care and protective services had been working with respondent for nine months prior to the petition being filed. Given that respondent had not yet demonstrated she had successfully taken steps to address her substance abuse problem and trauma issues, there was no reasonable likelihood that the conditions would be rectified within a reasonable time given the child's age. The child cannot wait, given his pressing need for stability. Considering the evidence as whole, the trial court did not clearly err in finding termination under MCL 712A.19b(3)(c)(*i*).

There is also record support for the trial court's finding that petitioner established a ground for termination under MCL 712A.19b(3)(g). The evidence showed that child had developmental delays, including a limited ability to speak. Petitioner had instructed respondent to get the child signed up for services to address his speech issues, but respondent ignored petitioner's instructions. Additionally, as noted above, respondent had been without appropriate and stable housing throughout these proceedings.

And, along with her history of substance abuse, respondent had been diagnosed with schizoaffective disorder, posttraumatic stress disorder, and major depressive disorder. Respondent failed to comply with and did not benefit from service referrals for these matters. In fact, a therapist working with respondent opined that she had no real interest in addressing her

-2-

problems. Respondent also failed to demonstrate sustained progress in her parenting skills; she did not finish her parenting classes and missed many visits scheduled with the child. Given the duration of the case and respondent's failure to comply with services or demonstrate sustained progress, the trial court's finding that MCL 712A.19b(3)(g) was proven is not clearly erroneous. *In re Hudson*, 294 Mich App at 264.

The court also did not err in finding that termination was in the best interests of the minor. "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). The court may also consider whether the child is progressing in its current placement, *In re VanDalen*, 293 Mich App 120, 141; 809 NW2d 412 (2011), and a parent's compliance with his or her case-service plan, *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). The court is required to state on the record or in writing its findings of fact and conclusions of law. MCR 3.977(I)(1); *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000). "Brief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1).

In this case, although there was evidence of a strong parent-child bond (albeit perhaps weakened somewhat), this was outweighed by respondent's lack of housing, economic instability, persistent drug use, and continuing mental health issues. The evidence showed that during the entire case, respondent had lived from place to place. For most of the time respondent had been jobless and lacked financial stability. In addition, she continuously tested positive for marijuana and cocaine use. The evidence also demonstrated that respondent had minimal interest or ability to rectify her barriers to reunification. She was kicked out of group therapy, she missed many individual counseling appointments, and she was dismissed from a residential drug treatment program.

The advantages of permanence and stability afforded to the child in his current foster-care placement further supported that termination of respondent's parental rights was in the child's best interests. The evidence showed that the child was doing well and progressing in his current placement.

Thus, reviewing the record as a whole, the trial court correctly found that terminating respondent's parental rights was in the child's best interests.

Affirmed.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Deborah A. Servitto