# STATE OF MICHIGAN

# COURT OF APPEALS

In re BIRD, Minors.

UNPUBLISHED
August 11, 2015

No. 324912
Calhoun Circuit Court
Family Division
LC No. 2014-001563-NA

Before: SAWYER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating his parental rights to his three daughters under MCL 712A.19b(3)(b)(*i*), MCL 712A.19b(3)(g), MCL 712A.19b(3)(h), MCL 712A.19b(3)(j), MCL 712A.19b(3)(k)(*ii*), and MCL 712A.19b(3)(n)(*iii*). Because we conclude there were no errors warranting relief, we affirm.

## I. BASIC FACTS

In October 2010, respondent pleaded guilty before a Virginia court to two counts of forcible sodomy involving his eldest daughter. Under the Virginia statute, a person is guilty of forcible sodomy if "he or she engages in cunnilingus, fellatio, anilingus, or anal intercourse with a complaining witness" or "causes a complaining witness . . . to engage in such acts with any other person, and" the complaining witness is less than 13 years of age. Va Code 18.2-67.1.

Respondent's daughter told Virginia officers that when she was about seven years old respondent began having both vaginal intercourse and oral sex with her. Respondent denied that he engaged in vaginal intercourse with his daughter, but admitted that he had performed oral sex on her and had her perform oral sex on him. The Virginia trial court sentenced respondent in January 2011 and his earliest possible release date is in 2029. Because of his incarceration, respondent appeared either by telephone or video conference throughout these proceedings.

After December 2012, the mother and three children moved to Michigan. The Department of Health and Human Services became involved after finding out that the eldest daughter had not only been abused by respondent while in the mother's care, but had also been sexually abused by her maternal grandfather and a family friend.

Dr. Randall Haugen testified at the termination hearing regarding his psychological evaluations of the three children. Haugen reported that the mother led the eldest daughter to believe that respondent abused her because he became lonely and depressed and because the child had bumped his penis; he stated that the child now believes men are predatory individuals who cannot control their sexual urges and that loneliness and depression can lead to abuse. Haugen opined that any contact the child might have with respondent before she works through these feelings would only reinforce them and be harmful to her. He noted that the two younger daughters knew that respondent was abusing their sister, and stated that their contact with respondent would cause them to underestimate the seriousness of respondent's conduct, which would make them more vulnerable to abuse as they grew up. Regarding all three girls, Haugen stated that termination of respondent's parental rights was important because it would ensure that they knew that respondent's actions had consequences, namely that he would no longer have parental authority over them.

The trial court found that the Department had established the grounds for termination by clear and convincing evidence. The court noted that respondent had admitted to engaging in oral sex with the eldest daughter, was currently in prison and unable to provide for the children, and would not be out of prison until the youngest child was an adult. Moreover, on the basis of Haugen's testimony, the trial court found that termination was in the best interests of all three children. The trial court found that the pain from the abuse would be felt over and over again and that it was important that respondent's authority as a parent be removed to help the children heal.

## II. ANALYSIS

This Court reviews for clear error a trial court's findings concerning the grounds for termination and the children's best interests. MCR 3.977(K); *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003).

Respondent concedes on appeal that the Department established grounds for termination under MCL 712A.19b(3)(k)(*ii*). Accordingly, because only one statutory ground is necessary to support the termination of parental rights, *In re Powers Minors*, 244 Mich App 111, 118; 624 NW2d 472 (2000), it is unnecessary for us to examine the evidence to support the remaining grounds for termination.

Once a trial court finds that the Department established a ground for termination, it must order the termination of the parent's parental rights if it also finds that termination is in the child's best interests. MCL 712A.19b(5). In this case, the trial court's finding on the children's best interests focused extensively on the emotional harm that Haugen opined would result if the children were even allowed to have contact with respondent. The trial court may properly consider the emotional harm occasioned by a parent's sexual abuse of a sibling when determining the child's best interests. See *In re Hudson*, 294 Mich App 261, 268-269; 817 NW2d 115 (2011). Haugen testified regarding the risk of future abuse that the two younger girls could face if they were not made aware of the seriousness of respondent's conduct. He further stated that the eldest would suffer emotional harm through reinforced beliefs about men as

-2-

predators if allowed contact with respondent. Given the admitted conduct of respondent, his present lengthy period of incarceration, and the testimony regarding the emotional harm the children would face if respondent's parental rights were not terminated, the trial court did not clearly err in finding that termination of respondent's parental rights was in their best interests.

There were no errors warranting relief.

Affirmed.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro