# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SPENCER, Minors.

UNPUBLISHED
December 8, 2016

No. 332336
Wayne Circuit Court
Family Division
LC No. 00-390400-NA

Before: JANSEN, P.J., and CAVANAGH and BOONSTRA, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating his parental rights to the minor children, ETS1 and ETS2, pursuant to MCL 712A.19b(3)(g) (failure to provide proper care or custody), MCL 712A.19b(3)(i) (parental rights to one or more siblings of the child were terminated due to serious and chronic neglect and prior attempts to rehabilitate have been unsuccessful), MCL 712A.19b(3)(j) (reasonable likelihood of harm), and MCL 712A.19b(3)(*l*) (parental rights to other children were terminated). We affirm.

Respondent and the children's mother were in a long-term relationship and had five children, including the minor children at issue in this case. Respondent's parental rights to the three other children were previously terminated. According to the petition, respondent's parental rights to one additional child were terminated, but respondent denied any knowledge of being the child's biological father.

ETS1 was removed from respondent's and the mother's custody shortly following birth. ETS1 tested positive for marijuana at birth, and the mother admitted to smoking marijuana during the pregnancy. Respondent and the mother engaged in, and appeared to have benefited from, services, and ETS1 was returned to their care. ETS1 was subsequently removed from the mother's care after the mother was hospitalized while pregnant. The mother tested positive for marijuana and had a blood alcohol level of .227. Petitioner sought termination of the mother's parental rights, and ETS1 was released to respondent. Moreover, shortly after the birth of ETS2, who tested positive for marijuana, petitioner sought termination of the mother's parental rights to ETS2, and ETS2 was released to respondent. The mother's parental rights were subsequently terminated, and the trial court warned respondent that the children were not allowed to be in contact with her. However, respondent relapsed on substances and served a jail sentence for domestic violence against the mother. Petitioner subsequently sought to remove the children and terminate respondent's parental rights after it became apparent that respondent continued to allow the mother to have access to the children, and because the children were in the custody of

-1-

an alcoholic during the time respondent was in jail for domestic violence against the mother. During the hearing on the petition to terminate respondent's parental rights, respondent pleaded no contest and stipulated to the statutory grounds for termination. The court subsequently held a best-interest hearing and determined that it would be in the children's best interests to terminate respondent's parental rights.

Respondent argues that the trial court erred by finding that termination was in the best interests of the children. We disagree.

This determination is reviewed for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "The trial court's factual findings are clearly erroneous if the evidence supports them, but we are definitely and firmly convinced that it made a mistake." *Id*. at 709-710.

"The trial court must order the parent's rights terminated if [petitioner] has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the children's best interests." *White*, 303 Mich App at 713. In deciding whether termination of parental rights is in the best interest of the child, the court considers a variety of factors, which may include " 'the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home.' " *Id*. (citation omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id*. at 714.

"However, because 'a child's placement with relatives weighs against termination under MCL 712A.19a(6)(a),' the fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is in the child's best interests." *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012) (citation omitted). "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *Id*.

The trial court did not clearly err by determining that termination was in the children's best interests. As indicated by the trial court, respondent has an extensive history with petitioner, and his parental rights to several other children were previously terminated. At the time of termination of respondent's parental rights to the children, he did not have appropriate housing and was living in a transitional house, which was not appropriate for the children. In addition, respondent admitted that he had been an alcoholic for the majority of his life, and this condition persisted even after his parental rights to other children were terminated. Moreover, the fact that respondent went into a recovery program suggests he was abusing substances after ETS1 was returned to his care. Additionally, respondent served a jail sentence for domestic violence, and his children were left in the care of an alcoholic during the time respondent was in jail. Most importantly, the Child Protective Services (CPS) worker testified that respondent continued to allow the mother to have access to the children, in violation of the court's order, and the evidence indicated that respondent would likely continue this relationship.

Furthermore, respondent's argument that the court failed to consider the children's placement with relatives is without merit. The court expressly addressed the fact that the children were residing with their paternal aunt and yet still determined that it was in their best interests to terminate respondent's parental rights. Therefore, we find no clear error in the trial court's determination that termination of respondent's parental rights was in the children's best interests and "was a necessary step in allowing the children to have the safety, permanence, and stability to which they are entitled." *In re Hudson*, 294 Mich App 261, 269; 817 NW2d 115 (2011).

Affirmed.


/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra