# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* K. IRISH, Minor.

UNPUBLISHED
March 7, 2017

No. 334419
Kent Circuit Court
Family Division
LC No. 14-053923-NA

AFTER REMAND

Before: MURPHY, P.J., and SAWYER and SWARTZLE, JJ.

PER CURIAM.

Following a remand ordered by us for the trial court to address the best interests of the minor child, KI, in light of KI's placement with his maternal aunt, the trial court again terminated respondent father's parental rights, concluding that KI's best interests are served by termination despite the relative placement. We affirm.

We previously held that the trial court did not clearly err by finding that MCL 712A.19b(3)(g) was proven by clear and convincing evidence and that reasonable efforts were expended to reunify father and KI. *In re Irish Minor*, unpublished opinion per curiam of the Court of Appeals, issued February 14, 2017 (Docket No. 334419), pp 2 and 5. After reciting the applicable authorities, we then ruled as follows concerning KI's best interests:

> Here, the record reflects that the trial court, when rendering its very lengthy and thoughtful ruling from the bench regarding the ground for termination and KI's best interests, referenced the child's placement with the foster parents multiple times. The trial court was also keenly aware from the testimony at the termination hearing and from earlier proceedings that the foster parents were the child's maternal aunt and her partner. The court, in the context of addressing KI's best interests, found that the child was flourishing in foster care, that he had developed a bond with his foster parents, that he was in need of permanence, stability, and finality, with no indication that father could so provide, that the foster home had advantages over father's home, and that father still had issues with domestic violence, drug use, and anger management. We conclude that there was no clear error in regard to these particular findings. However, as conceded by the prosecutor on behalf of the DHHS, the trial court failed to "explicitly address" whether termination was appropriate in light of the child's placement with his

-1-

maternal aunt. Accordingly, we vacate the trial court's best-interest ruling and remand for a ruling, within 28 days of the release of this opinion, that explicitly addresses whether termination is appropriate in light of the child's placement with his maternal aunt. [*Irish Minor*, unpub op at 6.]

On remand, the trial court issued an extensive written opinion addressing the best-interest question, ruling in part:

> The Respondent Father's failure to make any progress on his substance abuse issues, domestic violence and anger, together with the clear need for this child to have permanence, stability and finality in light of his long-term temporary placement with his aunt, leaves this court with the firm belief that it is in the child's best interests to terminate the parental rights of the father even in light of his relative placement. . . .

> Moreover, the caseworker testified the Respondent Father could never sustain adequate housing which could be evaluated by the agency for its appropriateness to care for the minor child. This court has no reasonable expectation that the Respondent Father can resolve his conditions and sustain appropriate housing within a reasonable period of time to properly care for and attend to the well-being of his minor child. It is not in the child's best interests to await indefinitely for Respondent Father to comply with and benefit from his Parent Agency Agreement, notwithstanding the child's placement with his maternal aunt, and termination is in the child's best interests.

We hold that the trial court did not clearly err in ruling that the best interests of KI are served by terminating father's parental rights regardless of KI's placement with his maternal aunt. MCL 712A.19b(5); MCR 3.977(K); *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012); *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). The trial court's reasoning was valid and sound, and we find no basis to disrupt the ruling.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Brock A. Swartzle