*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* EC/E, Minors.

UNPUBLISHED
July 01, 2025
11:05 AM

No. 374180
Genesee Circuit Court
Family Division
LC No. 24-140350-NA

Before: YATES, P.J., and YOUNG and WALLACE, JJ.

PER CURIAM.

Petitioner, the Department of Health and Human Services, received a complaint that respondent-father was physically and sexually abusing his two children during his parenting time. The trial court removed the minor children from respondent's care and suspended respondent's parenting time. We affirm that decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Respondent is the biological father of TEC (eight years old at the time of these proceedings) and LE (seven years old at the time of these proceedings). On December 21, 2024, petitioner received a complaint that, among other things, respondent would digitally penetrate TEC's rectum, punch TEC in his sides, touch LE, and would "whoop" LE with a belt and his hands. The following day, the trial court entered an ex parte order for removal of the children from respondent's care. The order placed the children into protective custody with petitioner, and petitioner soon after released the children to nonrespondent mother. The order also stated that there was reasonable cause to believe that the children were at substantial risk of imminent harm in their current environment with respondent, that removal from respondent's care was necessary for the children's protection, that no remedy other than protective custody was reasonably available, and that reasonable efforts were made to prevent their removal.

-1-

On December 23, 2024, petitioner moved the trial court to take jurisdiction over the minor children under MCL 712A.2(b)(1) and (2).[1]  Petitioner also moved the court to remove the minor children from respondent's supervision.  Petitioner alleged that TEC stated that he was fearful of respondent and was afraid of going to respondent's home.  Because of this, petitioner argued that it was contrary to TEC and LE's safety for them to remain with respondent given the allegations.  As for reasonable efforts made to prevent removal, petitioner alleged:

> Reasonable efforts made to prevent the removal of [TEC] and [LE] from [respondent] include parent interviews, safety lanning [sic], forensic interviews, coordination with law enforcement, medical exams, and with medical staff from Hurley Medical Center.

Petitioner alleged that the children had disclosed repeated physical and sexual abuse by respondent, and the children, their counselor, their mother, and medical staff had corroborated the allegations as part of a Children's Protective Services investigation.

Respondent waived the reading of the petition as well as the probable cause determination at the preliminary hearing, even though he generally denied the allegations.  Accordingly, the trial court authorized the petition.  Both the guardian ad litem and petitioner requested that respondent's parenting time be suspended.  Respondent's counsel requested that petitioner be given the discretion to allow respondent supervised parenting time.  Ultimately, the trial court suspended respondent's parenting time, finding that, even if supervised, parenting time at that point could be harmful to the children.  The trial court entered an order that placed the children in the care of their biological mother with petitioner's supervision.  Respondent now appeals and argues that the trial court erred in removing the children from his care and suspending his parenting time.

## II.  ISSUE PRESERVATION AND STANDARD OF REVIEW

To preserve an issue for appellate review, a party must raise it in the trial court.  *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020).  Respondent failed to preserve either of his arguments regarding removal and suspended parenting time because he did not raise them in the trial court.  Instead, respondent waived the reading of the petition, waived the probable cause determination, and requested that petitioner have the "discretion" to later provide supervised parenting time.

"Both this Court and our Supreme Court have applied the plain-error standard set forth in *People v Carines*, 460 Mich 750; 597 NW2d 130 (1999), to unpreserved claims of error arising out of child-protective proceedings."  *In re Pederson*, 331 Mich App 445, 463; 951 NW2d 704 (2020).  To establish plain error, a party must show that (1) error must have occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights.  *Id*. (citation omitted).  "[O]nce a defendant satisfies these three requirements, an appellate court must exercise

---

[1] MCL 712A.2(b)(1) provides jurisdiction when a child is at a "substantial risk of harm to his or her mental well-being," and MCL 712A.2(b)(2) provides jurisdiction when the child's "home or environment, by reason of . . . cruelty . . . criminality, or depravity on the part of a parent . . . is an unfit place for the juvenile to live in."

its discretion in deciding whether to reverse." *Id*. (citation omitted). Reversal is warranted when the plain, forfeited error seriously affected the fairness, integrity or public reputation of judicial proceedings. *Id*.

## III. THE COURT DID NOT ERR IN ORDERING REMOVAL AND SUSPENDING PARENTING TIME

Respondent first argues that there was a lack of evidence to justify the children's removal. After performing a preliminary investigation, petitioner petitioned the Family Division of the circuit court to take jurisdiction over respondent. *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019). As required by caselaw, this petition had "[t]he essential facts that, if proven, would allow the trial court to assume jurisdiction over the child." *Id*. (quotation marks and citation omitted; alteration in original). The trial court must hold a preliminary hearing after receiving the petition. *Id*. The trial court was prepared to do so but, as previously stated, respondent explicitly waived the preliminary hearing and the probable cause determination.[2] Further, respondent alleges a lack of evidence to satisfy MCL 712A.13a(9), which governs the placement of a child into foster care. In this case, the children were not placed into foster care but were instead released to the nonrespondent mother. Accordingly, MCL 712A.13a(9) is not applicable.

Following the preliminary examination, which, again, was waived here, "[t]he court may authorize the filing of the petition upon a showing of probable cause, unless waived, that one or more of the allegations in the petition are true and fall within MCL 712A.2(b)." MCR 3.965(B)(12). If the petition is authorized, the trial court must determine "whether the child should remain in the home, be returned home, or be placed in foster care pending trial." *Id*. See also MCR 3.965(B)(13)(a). "A trial court is generally not obligated to articulate extensive findings regarding every conceivable detail," but, "when a statute or court rule requires factual findings as to an enumerated list of factors, the trial court must make a record of its findings as to each and every factor sufficient for this Court to conduct a meaningful review." *In re Williams*, 333 Mich App 172, 182-183; 958 NW2d 629 (2020).

Respondent alleges the trial court erred in holding that there were sufficient findings to have probable cause to remove the children from respondent's care. However, the petition set forth numerous allegations of repeated physical and sexual abuse by respondent against both children, including respondent's penetration of TEC multiple times. The children disclosed the abuse on several occasions to counselors, healthcare providers, CPS investigators, and their mother. At the preliminary hearing, the referee acknowledged the serious allegations and found that it was contrary to the children's welfare for them to remain under respondent's care and that no other arrangement was available except to remove the children from respondent's care. The trial court did not err when it found that it was contrary to the children's welfare to remain in respondent's care.

---

[2] See *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011) ("Respondent may not assign as error on appeal something that she deemed proper in the lower court because allowing her to do so would permit respondent to harbor error as an appellate parachute.").

Respondent also argues that the trial court erred when it suspended his parenting time. MCL 712A.13a(13) provides:

> If a juvenile is removed from the parent's custody at any time, the court shall permit the juvenile's parent to have regular and frequent parenting time with the juvenile. Parenting time between the juvenile and his or her parent must not be less than 1 time every 7 days *unless the court determines* either that exigent circumstances require less frequent parenting time *or that parenting time, even if supervised, may be harmful to the juvenile's life, physical health, or mental well-being*. If the court determines that parenting time, even if supervised, may be harmful to the juvenile's life, physical health, or mental well-being, *the court may suspend parenting time until the risk of harm no longer exists*. The court may order the juvenile to have a psychological evaluation or counseling, or both, to determine the appropriateness and the conditions of parenting time. (Emphasis added.)

Additionally, under MCL 712A.19b(4), "[i]f a petition to terminate parental rights to a child is filed, the court may suspend parenting time for a parent who is a subject of the petition."

In this case, petitioner sought termination at the outset, which gave the trial court the discretion to suspend parenting time under MCL 712A.19b(4). The referee recognized the severity of the allegations in the petition regarding repeated physical and sexual abuse and acknowledged that the matter would be revisited if new facts favorable to respondent arose. This decision was proper under MCL 712A.13a(13) ("If the court determines that parenting time, even if supervised, may be harmful to the juvenile's life, physical health, or mental well-being, the court may suspend parenting time until the risk of harm no longer exists."). Therefore, the trial court did not err in suspending respondent's parenting time. Finally, though respondent argues that the trial court erred because supervised parenting time could have been an option for the petitioner's discretion, the trial court informed respondent that his parenting time could change. In other words, nothing prevents respondent's parenting time from being reinstated in the future.

Affirmed.

/s/ Christopher P. Yates
/s/ Adrienne N. Young
/s/ Randy J. Wallace