*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BECKESH/JOHNSON, Minors.

UNPUBLISHED
March 16, 2026
2:20 PM

No. 375501
Wayne Circuit Court
Family Division
LC No. 2020-000785-NA

Before: PATEL, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Respondent-mother appeals the termination of her parental rights to her two children, arguing that the trial court erred in its findings relating to reasonable efforts, statutory grounds for termination, and the best interests of the children. We affirm.

## I. BACKGROUND

Before petitioner became involved in 2020, one of respondent's children, MMJ, lived with his father who had full physical custody and shared legal custody with respondent. MMJ required 24-hour care because he suffered from several medical and developmental conditions. After losing his job, MMJ's father informed Child Protective Services that he no longer wanted to provide long-term care for MMJ, and so, the child was placed with his grandmother under a safety plan.

For respondent's other child, MRB, the child lived with respondent. A month before petitioner requested removal, respondent contacted the police because she did not know where MRB was after leaving the child with a friend. MRB was taken to his grandmother's house by the friend and petitioner ultimately placed MRB with the grandmother under a safety plan. While the children were under the grandmother's care, respondent occasionally brought food to the home, but the grandmother reported that sometimes respondent was under the influence of substances and would become violent and angry when she would visit, forcing the grandmother to ask respondent to leave.

When petitioner requested temporary custody of both children, respondent's whereabouts were unknown, but she appeared at the hearing on temporary custody and the first pretrial hearing.

-1-

Almost a year later, after respondent failed to appear for several subsequent pretrial hearings, the trial court held an adjudication trial and found jurisdiction over the children under MCL 712A.2(b)(1) and MCL 712A.2(b)(2) because respondent had "abandoned" the children and suffered from "severe mental health and substance abuse issues." Respondent was ordered to participate in medical evaluations, therapy, drug screens, and parenting classes and instructed to maintain suitable housing, income, and visits with the children.

A year after the adjudication trial, the trial court instructed petitioner to file a permanent custody petition because the grandmother was no longer able to meet MMJ's needs and MMJ was eventually placed in a residential facility. Six months later, in December 2022, DHHS petitioned to terminate respondent's parental rights to MMJ and MRB. The termination hearing began in December 2023 after the trial court ordered service by publication because attempts to serve respondent with the supplemental petition were unsuccessful. During the termination hearing, petitioner testified that respondent claimed during a family team meeting that she had participated in therapy and drug screening but failed to provide petitioner with proof of her claims. Petitioner also explained its attempts to locate and contact respondent, including correspondences with last known addresses, phone numbers, and relatives. The trial court concluded that there was clear and convincing evidence to terminate respondent's parental rights under MCL 712a.19b(3)(a)(*ii*), (c)(*i*), (g), and (j).

Four and a half years after DHHS first petitioned for temporary custody, the trial court held a best-interest hearing in February 2025. After hearing testimony from foster care workers, the trial court concluded that termination of respondent's parental rights was in MMJ and MRB's best interests and, as a result, ordered termination. Respondent now appeals.

## II. ANALYSIS

### A. REASONABLE EFFORTS

Respondent on appeal argues that petitioner did not make reasonable efforts to provide services for reunification. We review for clear error the trial court's factual findings regarding petitioner's reasonable efforts to reunify respondent with the children. *In re Atchley*, 341 Mich App 332, 338; 990 NW2d 685 (2022). The trial court's findings are clearly erroneous if the Court is left with a definite and firm conviction that a mistake has been made. *In re Smith*, 324 Mich App 28, 43; 919 NW2d 427 (2018). "When applying the clear-error standard in parental termination cases, regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020) (cleaned up).

Reasonable efforts to reunify the children with respondent must be made except if the case involved aggravated circumstances, *In re Simonetta*, 340 Mich App 700, 707; 987 NW2d 919 (2022); no party argues that aggravated circumstances existed here. For reasonable efforts, petitioner "must create a service plan outlining the steps that both it and the parent will take to rectify the issues that led to court involvement and to achieve reunification," *In re Hicks/Brown*, 500 Mich 79, 85-86; 893 NW2d 637 (2017), including the responsibilities and obligations of both parties, petitioner and respondent, MCL 712A.13a(1)(d). Although petitioner "has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a

-2-

commensurate responsibility on the part of respondent[] to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012).

Respondent was initially provided services following the adjudication trial, including referrals for therapy, examinations, drug screens, and parenting classes and times to address respondent's mental-health and substance issues and to reunite respondent with the children. Respondent did not participate in any of these services. Further attempts were made to refer respondent for services, but the referral agency was unable to reach respondent without a working phone number. Petitioner repeatedly attempted to obtain respondent's contact information, but these attempts were unsuccessful. Additionally, respondent never regularly participated in parenting-time sessions with MMJ or MRB. For almost the entirety of the case, respondent's whereabouts were unknown, which resulted in the trial court ordering notice by publication.

Respondent argues that petitioner did not make reasonable efforts because it failed to send letters to respondent that informed her about the case service plan. The record demonstrates that foster care workers sent correspondence to respondent's last known addresses and attempted to contact respondent via phone. Respondent was aware of the services being offered, as evidenced by respondent's unsupported claims about participating in these services during a family team meeting.

Despite all the services offered, respondent failed to rectify the issues that led to court involvement. Respondent had three years from the time of the adjudication trial to engage in services, but she never participated in any aspect of her case service plan. Respondent has a responsibility to participate in services and demonstrate having benefited from them. *In re MJC*, 349 Mich App 42, 61; 27 NW3d 122 (2023). The parent must "demonstrate sufficient compliance with or benefit from those services specifically targeted to address the primary basis for the adjudication." *Frey*, 297 Mich App at 248. Not only did respondent fail to show that she benefited from the services, she also has not shown that she even tried to participate in or inform herself of the services being provided. Further, respondent, who the trial court found was avoiding service of process, was responsible for her lack of participation in the case service plan, not petitioner who made the plan and made reasonable efforts to provide the services to respondent. The trial court did not clearly err by determining that reasonable efforts had been exerted by petitioner toward reuniting respondent with the children.

## B. STATUTORY GROUNDS

Respondent also argues that the trial court erred by finding clear and convincing evidence supporting statutory grounds for termination of her parental rights to MMJ and MRB. We review for clear error the trial court's findings regarding statutory grounds for termination. *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). To terminate parental rights, "the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011).

The trial court found that there was clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), specifically that more than 182 days had elapsed since the initial dispositional order, the conditions that led to adjudication continued

to exist, and there was no reasonable likelihood that the conditions would be rectified within a reasonable time. Under this statutory ground, termination is proper when respondent failed to "accomplish any meaningful change in the conditions," *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009) (cleaned up), despite petitioner giving respondent "time to make changes and the opportunity to take advantage of a variety of services," *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014).

Two main conditions led to adjudication here: respondent's failure to provide care and financial support and respondent's mental-health and substance-abuse issues. On appeal, respondent argues that she provided the children food and gave her stimulus checks to the grandmother for their care. The record does not support these claims. The grandmother testified that MMJ's father, not respondent, gave her his stimulus check. Additionally, respondent's visits were irregular and her behavior during them was often problematic. The grandmother asked respondent to leave during several of these visits because respondent would become violent, angry, and have unapproved things in the grandmother's house while appearing to be under the influence. Moreover, petitioner provided testimony during the termination hearing in December 2023 that the only reported visits respondent had with MRB were one time in 2021 and one other time in August 2023.

As for her mental-health and substance-abuse issues, respondent failed to show that she had participated in the court-ordered therapy, evaluations, and drug screens, let alone made any attempt to show that she had benefited from them. Petitioner testified that respondent failed to provide verification that she had participated in therapy and drug screening despite petitioner's requests for her to provide the proof. Although petitioner provided time (over three years from the time of removal to the first termination hearing) and opportunities to respondent, respondent's own failure to use such time and services showed that respondent allowed the conditions to exist and there was no reasonable likelihood that meaningful change would occur within a reasonable time.

The trial court did not clearly err in concluding that termination of respondent's parental rights to both children was appropriate under MCL 712A.19b(3)(c)(*i*). Because termination was proper under this ground, we need not consider the additional grounds upon which the trial court based its decision. See *In re Olive/Metts Minors*, 297 Mich App 35, 41; 823 NW2d 144 (2012).

## C. BEST INTERESTS

Lastly, respondent argues that the trial court erred in terminating her parental rights because termination was not in the children's best interests. We review for clear error the trial court's findings regarding best interests. *White*, 303 Mich App at 713. In addition to proving a statutory ground for termination, the trial court must find that termination is in the children's best interests considering the children's bonds to respondent; respondent's parenting ability; the children's need for permanency, stability, and finality; and the advantages of a foster home over respondent's home. *Olive/Metts*, 297 Mich App at 40. Additionally, the trial court may consider respondent's history of domestic violence, compliance with her service plan, and visitation history with the children. *White*, 303 Mich App at 714.

The trial court did not clearly err in determining that termination of respondent's parental rights was in the children's best interests. Respondent's lack of visits and compliance with the case service plan demonstrated a lack of bond with and inability to care for the children. When considering each of the children's best interests, the trial court considered MMJ's placement and improvement at the facility and MRB's placement with his grandmother, where he preferred to stay. The children's respective placements provided them with the care, permanency, stability, and finality that they each needed and that respondent failed to show that she could provide. And as to MRB, the trial court recognized that placement with a relative generally weighs against termination, but duly found that the record and relevant considerations as a whole made clear that termination was in MRB's best interests. See *Olive/Metts*, 297 Mich App at 43. Therefore, the trial court did not clearly err in finding that termination was in the children's best interests.

Affirmed.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Philip P. Mariani