# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SOBOLESKI/WRIGHT, Minors.

UNPUBLISHED
April 18, 2017

No. 333808
St. Clair Circuit Court
Family Division
LC No. 15-000287-NA

Before: FORT HOOD, P.J., and JANSEN and HOEKSTRA, JJ.

PER CURIAM.

Respondent appeals as of right an order terminating her parental rights to the minor children, HMS and KW, pursuant to MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), MCL 712A.19b(3)(c)(*ii*) (other conditions exist), and MCL 712A.19b(3)(g) (failure to provide proper care or custody). We affirm.

Respondent contends that the trial court clearly erred by finding that statutory grounds existed to terminate her parental rights to HMS and KW. Specifically, respondent argues that she took "several significant steps forward that showed that she could address [the] issues with more time and assistance," and the trial court should have provided her more time to prove she was progressing. We disagree.

We review the trial court's factual findings and ultimate determinations on the statutory grounds for termination of parental rights for clear error. MCR 3.977(K); *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). "[R]egard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

"If a trial court finds that a statutory basis for terminating parental rights exists by clear and convincing evidence, it is required to terminate parental rights if 'it finds from a preponderance of evidence on the whole record that termination is in the children's best interests.' " *In re Brown/Kindle/Muhammad Minors*, 305 Mich App 623, 637; 853 NW2d 459 (2014) (citation omitted). Only one statutory ground must be established to terminate parental rights. *In re Frey*, 297 Mich App 242, 244; 824 NW2d 569 (2012).

-1-

Respondent's parental rights were terminated under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (g). MCL 712A.19b(3)(c) provides that the court may terminate the respondent's parental rights if the court finds, by clear and convincing evidence, the following:

The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

(*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

"Generally, when a child is removed from the parents' custody, the petitioner is required to make reasonable efforts to rectify the conditions that caused the child's removal by adopting a service plan." *In re HRC*, 286 Mich App 444, 462; 781 NW2d 105 (2009). "When the [Department of Health and Human Services (the DHHS)] has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *Frey*, 297 Mich App at 248. Respondent's parental rights were also terminated under MCL 712A.19b(3)(g), which provides that the court may terminate the respondent's parental rights if the court finds, by clear and convincing evidence, that "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." This Court has held that "[a] parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide a child proper care and custody." *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014).

We conclude that the trial court's termination decision under MCL 712A.19b(3)(c)(*i*) and (g) was supported by clear and convincing evidence. In the initial petition regarding HMS, filed in August 2015, petitioner requested that the court take jurisdiction of HMS and that the child be removed from respondent's care due to respondent's prolonged substance abuse issues. The petition noted that due to respondent's inability to maintain a safe, stable, and drug-free environment, HMS was placed in a guardianship with her paternal grandparents on two occasions. Additionally, respondent did not have safe, secure, and independent housing for herself or for HMS, and respondent had no verifiable source of legal income or employment. By the time KW was born in November 2015, respondent had failed to take advantage of any services offered by DHHS, and she was still struggling with substance abuse. Accordingly, KW was brought under the trial court's jurisdiction in December 2015.

The evidence clearly established that respondent failed to address her significant substance abuse issue. Respondent tested positive for oxycodone, cocaine, and benzodiazepines while pregnant with KW. Additionally, when KW was born, she tested positive for drugs. Jessica Leenknegt, a family specialist through the Professional Counseling Center, testified during the termination hearing that, on occasion, she believed respondent to be under the influence based upon observations that respondent would use the bathroom frequently and for prolonged periods during visits. Additionally, respondent had difficulty focusing on one subject at a time during conversations, was incoherent, would talk "in circles," and would frequently change her stories.

Respondent had been receiving methadone through Sacred Heart Rehabilitation during the months leading up to the termination hearing. However, she continued to test positive for methadone at levels that were well beyond therapeutic. Although respondent was ordered to attend AA or NA meetings, respondent failed to do so, explaining that she was scared to attend those meetings alone. Respondent also failed to provide documentation to her caseworker showing that she was attending outpatient group therapy through Sacred Heart Rehabilitation. Ultimately, respondent stopped seeking treatment for her substance abuse at Sacred Heart Rehabilitation all together. Additionally, two police reports indicate that respondent's substance abuse problem was ongoing at the time of termination in June 2016. An April 13, 2016 police report indicated that respondent was transported to a local hospital because of a possible overdose. Another police report indicated that respondent was the "victim of a crime where the assailant indicated she had asked him to drop her around looking for heroin[.]" Finally, a police report from May 28, 2016, indicated that respondent was accused of stealing prescription medication.

Respondent also struggled to find stable housing. Throughout the proceedings, respondent would bounce between a friend's house and her mother's house. Although respondent claimed to have signed a lease for an apartment in February 2016, respondent never provided her caseworker a copy of that lease, and she cancelled both prescheduled home visits. Respondent's caseworker expressed concern over respondent's ability to maintain the apartment, given that respondent never obtained, or at the very least provided proof of, legal employment. Respondent testified that her brother paid her rent. However, the record indicated that respondent had an unstable relationship with her brother. Indeed, respondent was involved in a physical altercation with her brother a month before the termination hearing, and the police were called to the scene of the altercation.

Finally, due to respondent's substance abuse, KW was born with Methadone and Oxycodone in her system, and she went through severe withdrawals which required an extended hospitalization after her birth. KW suffers from high blood pressure, for which she takes medication and sees a cardiologist twice a month, and has severely crossed eyes and astigmatism, for which KW wears an eye patch and will likely require eyeglasses and a possible surgery in the future. During the six months, or 182 days, that the trial court had jurisdiction over KW, respondent failed to take full advantage of the services that were available to her and failed to get control over her substance abuse issue. Respondent's failure to abide by the service plan agreement does not suggest that she is adequately equipped to provide proper care for an infant with special needs.

Based on the foregoing, the trial court did not clearly err by finding that petitioner had presented clear and convincing evidence to support the termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*) and (3)(g).[1] Over the course of nearly 10 months that the trial court had jurisdiction over HMS, and the six months it had jurisdiction over KW, respondent failed to obtain independent housing for herself and her children and failed to find legal employment. Respondent also failed to take advantage of the services provided to her through DHHS, and she failed to acknowledge and address her ongoing substance abuse issues. Accordingly, clear and convincing evidence was presented showing respondent would be unable to rectify the issues that led to the adjudication within a reasonable time considering the ages of the children. Further, clear and convincing evidence was presented that respondent failed to provide proper care and custody for HMS and KW, and will not be able to do so within a reasonable time considering the children's ages. Thus, respondent's parental rights were properly terminated by the trial court.[2]

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Joel P. Hoekstra

---

[1] Because petitioner was only required to establish one statutory ground in order for the court to terminate respondent's parental rights, and because we conclude that clear and convincing evidence supported termination under MCL 712A.19b(3)(c)(*i*) and (g), we need not address whether termination was proper under MCL 712A.19b(3)(c)(*ii*). See *Frey*, 297 Mich App at 244.

[2] We note that respondent does not challenge the trial court's best-interest determination on appeal. However, even if respondent had challenged the best-interest determination of the trial court, we would conclude that the trial court did not err by finding that termination was in the best interests of the children.