*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re J. A. PATTON, Minor.

UNPUBLISHED
April 1, 2021

No. 354392
Montcalm Circuit Court
Family Division
LC No. 2018-000840-NA

AFTER REMAND

Before: SWARTZLE, P.J., and MARKEY and TUKEL, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her child, JAP, under MCL 712A.19b(3)(c)(*i*) and (*ii*), (g), and (j). On initial appeal to this Court, we affirmed the trial court's determination that statutory grounds existed to terminate respondent's parental rights under MCL 712A.19b(3)(j). *In re Patton*, unpublished per curiam opinion of the Court of Appeals, issued February 18, 2021 (Docket No. 354392), p 3.

Because the child was placed with relatives, but the record contained no evidence that the trial court considered that relative placement when considering the child's best interests, we concluded that the factual record was inadequate for purposes of the best-interests determination. *Id.* at 3-4, citing *In re Mays*, 490 Mich 993, 994; 807 NW2d 307 (2012). Therefore, this Court vacated the trial court's order terminating respondent's parental rights and remanded for a new best-interests determination, retaining jurisdiction. *In re Patton*, unpub op at 4.

On remand, the trial court conducted the best-interests determination, and concluded that the record showed, by a preponderance of the evidence, that termination of respondent's parental rights was in the child's best interests. The trial court therefore entered a new order terminating respondent's parental rights to the child. The matter now returns to this Court after remand.

Whether termination of parental rights is in the best interest of the child must be proved by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). This Court reviews for clear error the trial court's ruling that termination is in the child's best interests. *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). When this appeal was originally before this Court, we took "no position on whether consideration of the bare fact of relative

-1-

placement should have any material impact on the trial court's ultimate conclusion on the best interests" of the minor child. *In re Patton*, unpub op at 4. Having reviewed the transcript of the trial court's best-interest findings, and being familiar with the reasons why the trial court concluded that statutory grounds existed to terminate respondent's parental rights, we conclude that the trial court did not clearly err in determining that terminating respondent's parental rights was in the child's best interests. We therefore affirm the trial court's order terminating respondent's parental rights.

Affirmed.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Jonathan Tukel