*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re J. FETTUE, Minor.

UNPUBLISHED
March 10, 2022

No. 357136
Macomb Circuit Court
Family Division
LC No. 2017-000313-NA

Before: GADOLA, P.J., and BORRELLO and M. J. KELLY, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her child, JF, under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), (i), and (j). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

JF tested positive for marijuana at birth. Respondent admitted that she had used marijuana throughout her pregnancy. Petitioner, the Department of Health and Human Services, consequently filed a petition seeking to terminate respondent's parental rights to JF. In addition to JF's positive test and respondent's admitted use of marijuana throughout her pregnancy, petitioner alleged that respondent had released her parental rights to three older children after neglect proceedings had been initiated due to her ongoing substance-abuse problems. Initially, the trial court found statutory grounds to exercise jurisdiction over JF, and it found various statutory grounds for termination were satisfied. However, at that time, the court determined that termination of respondent's parental rights was not in JF's best interests, so it did not enter an order terminating respondent's parental rights. Later, petitioner again sought termination of respondent's parental rights. At that time, respondent stipulated that statutory grounds for termination existed. However, before a best-interests hearing was held, the parties agreed to continue reunification efforts.

Between 2018 and 2021, respondent was offered services, including a substance-abuse assessment, a psychological assessment, counseling, random drug screens, and parenting classes. Respondent was also required to maintain a legal source of income and adequate housing, participate in scheduled visits with JF, and refrain from committing any crimes. Between 2018, when the plan was adopted, and 2021, when respondent's parental rights were terminated,

respondent had completed some services, but only irregularly complied with others. She continued to use marijuana throughout the proceedings. And, although she presented a medical-marijuana card, petitioner presented evidence that she was abusing marijuana and that the abuse negatively impacted her ability to parent JF. Consequently, in January 2021, petitioner filed a supplemental petition again seeking termination of respondent's parental rights. Following a termination hearing, the trial court found by clear and convincing evidence that there were statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), (i), and (j), and it found by a preponderance of the evidence that termination was in JF's best interests. This appeal follows.

## II. STATUTORY GROUNDS

## A. STANDARD OF REVIEW

Respondent argues that the trial court clearly erred by finding statutory grounds to terminate her parental rights under MCL 712A.19b(3)(c), (g), and (j). She does not challenge the court's finding of statutory grounds to terminate her parental rights under MCL 712A.19b(3)(i). The trial court's findings regarding statutory grounds are reviewed for clear error. *In re Moss minors*, 301 Mich App 76, 80; 836 NW2d 182 (2013). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. (citation and quotation marks omitted).

## B. ANALYSIS

Although not challenged by respondent, we first address whether the trial court erred by finding statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(i). Termination is warranted under MCL 712A.19b(3)(i) if "[p]arental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights." However, respondent voluntarily released her parental rights to JF's siblings. Unlike MCL 712A.19b(3)(*l*), which requires the court to find that "[t]he parent's rights to another child were voluntarily terminated following the initiation of proceedings under section 2(b) of this chapter or a similar law in another state," MCL 712A.19b(3)(i) only requires a finding that the parent's parental rights were "terminated." The fact that the Legislature omitted the word "voluntarily" from MCL 712A.19b(3)(i) while including it in MCL 712A.19b(3)(*l*), means that only an involuntary termination can be used to establish the statutory grounds set forth in MCL 712A.19b(3)(i).[1] Because the termination of respondent's parental rights to JF's siblings was due

---

[1] The primary goal of statutory interpretation is to ascertain and give effect to the Legislature's intent. *In re AJR*, 496 Mich 346, 352; 852 NW2d 760 (2014). "When interpreting a statute, courts must ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute, which requires courts to consider the plain meaning of the critical word or phrase as well as its placement and purpose in the statutory scheme." *Id*. at 353 (quotation marks, alternations, and citation omitted). The omission of a provision in one part of a statute that is

to the voluntary release of her parental rights, the trial court clearly erred by finding termination was warranted under MCL 712A.19b(3)(i).

Yet reversal is not warranted because only one statutory ground needs to be established to support the termination of parental rights under MCL 712A.19b(3). See *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016). In this case, the trial court also found statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*). A trial court may terminate parental rights under MCL 712A.19b(3)(c)(*i*) if 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds that "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." It is undisputed that more than 182 days elapsed between when the initial dispositional order was entered on December 4, 2018 and when the order terminating respondent's parental rights was entered on May 11, 2021.

Respondent argues that the trial court erred by terminating her parental rights under this subdivision because she was compliant with almost every aspect of her parent-agency agreement. However, the condition that led to adjudication was respondent's substance abuse, and, despite completing services offered by petitioner, respondent failed to rectify that condition. Respondent was diagnosed with a marijuana use disorder but continued to use, and test positive for, marijuana throughout the proceedings. Respondent completed fewer than half of her random drug screens. Each incomplete drug screen was deemed positive. Respondent also tested positive for cocaine on one occasion. The foster care worker assigned to the case acknowledged that the clinic where respondent was drug tested recently had reports of inaccurate results regarding false positives for cocaine. However, an internal investigation was conducted, and the investigators concluded that the results of the drug screens were accurate. Although respondent ultimately proffered a doctor's note which provided that medical marijuana may help respondent manage her chronic pain, respondent received treatment from a pain management specialist who recommended that respondent should participate in physical therapy and receive cortisone shots. The pain management specialist did not recommend marijuana use for pain management. Given respondent's prolonged marijuana use before her pregnancy, during her pregnancy, and throughout JF's life, there was no reasonable likelihood that respondent would rectify her substance abuse within a reasonable time considering JF's age. Accordingly, the trial court did not clearly err when it determined that there was a statutory ground to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*).

The trial court did not clearly err when it determined that there was a statutory ground to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*ii*). A trial court may terminate parental rights under MCL 712A.19b(3)(c)(*ii*) if:

> [o]ther conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions

---

included in another part should be construed as intentional. *Farrington v Total Petroleum*, *Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993).

have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

Other conditions in this case included respondent's mental health issues, lack of stable employment, unsuitable housing, and inadequate parenting skills. Respondent was able to obtain suitable housing. Additionally, she completed a parenting class and generally was appropriate during parenting time.[2] Yet, respondent did not adequately address her mental health issues. Although respondent took medication for bipolar disorder and generalized anxiety disorder, she failed to attend mental health therapy on a consistent basis. Further, although respondent had several part-time jobs throughout the proceedings, she either quit or was terminated from each one. Therefore, even though respondent was employed at the time her parental rights were terminated, the record reflects that she was unable to maintain stable employment. In sum, respondent did not participate in mental-health therapy or substance-abuse therapy on a consistent basis, and respondent failed to maintain stable employment. Respondent was given a substantial period of time—2018 to 2021—to rectify the conditions, and was unable to do so. Given that JF entered care at birth and had already waited over three years for those conditions to be rectified, the trial court did not err by finding that the conditions continued to exist, respondent had been given an opportunity to rectify them, and there was no reasonable likelihood that the condition would be rectified in a reasonable time considering his age. For these reasons, the trial court did not clearly err by finding that termination was proper under MCL 712A.19b(3)(c)(*ii*).[3]

## III. BEST INTERESTS

### A. STANDARD OF REVIEW

Next, respondent argues that the trial court's best-interest determination was erroneous. This Court reviews for clear error the trial court's ruling that termination is in the child's best interests. *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011).

### B. ANALYSIS

"In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*

---

[2] On one occasion, respondent forced JF to wet his pants by refusing his request to use the restroom. JF, who was potty training, was upset by the incident. The foster care worker assigned to respondent's case opined that respondent did not display strong parenting skills. However, given the isolated nature of the incident, we are not convinced that respondent's parenting skills remained deficient and that there is no reasonable likelihood that she could rectify any deficiencies within a reasonable time in light of JF's age.

[3] Given our resolution, we need not determine whether termination was also warranted under MCL 712A.19b(3)(g) and (j).

*Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). The trial court may also consider "the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014).

At the time respondent's parental rights were terminated, JF was three years old and had been in foster care for almost his entire life. During that period, respondent did not substantially comply with her parent-agency treatment plan. She failed to consistently participate in mental health therapy or substance-abuse therapy. Respondent did not maintain stable employment. And, although she was diagnosed with a marijuana use disorder, respondent continued to use, and test positive for, marijuana throughout the proceedings. She also completed fewer than half of her random drug screen.

Moreover, the record also reflected that JF shared a stronger bond with his foster mother than respondent. JF regarded his foster mother as his own mother, but only considered respondent as his "buddy." JF also expressed his desire to leave scheduled visits with respondent or not to attend visits at all. The foster care worker assigned to respondent's case opined that respondent did not share a strong bond with JF. Additionally, JF's foster mother was willing to adopt him, thereby providing a stable and permanent home. Lastly, the foster care worker explored the possibility of guardianship arrangements with JF's maternal grandmother and JF's foster mother. The foster care worker determined that neither one was willing to participate in a guardianship arrangement. Based upon this evidence, the trial court did not clearly err when it determined that the termination of respondent's parental rights was in JF's best interests.

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Michael J. Kelly