*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HENRY, Minors.

UNPUBLISHED
May 23, 2024

No. 367690
St. Clair Circuit Court
Family Division
LC No. 22-000315-NA

Before: FEENEY, P.J., and M. J. KELLY and RICK, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her four minor children under MCL 712A.19b(3)(b)(*ii*), (b)(*iii*), and (j). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

In December 2022, petitioner filed a permanent custody petition alleging that respondent's home was an unfit place for the children because respondent's boyfriend had sexually abused two of the children from 2020 to 2022. Petitioner alleged that respondent had been aware that her boyfriend had a history of criminal sexual misconduct against minors and that, by allowing her boyfriend unsupervised contact with her children, she had failed to take reasonable steps to prevent harm to the children. Respondent entered a plea of admission and the trial court took jurisdiction over the children. Subsequently, a termination/dispositional hearing was held. Following the hearing, the trial court found that two of the children had suffered sexual abuse while in respondent's care and that respondent had had the opportunity to prevent the abuse but had not done so. The court found that the abuse was perpetrated by respondent's boyfriend, who was a nonparent adult. Based upon respondent's history of allowing predatory men around her children and because she chose to defend her boyfriend against her children's allegations of sexual abuse, the court found that there was a reasonable likelihood that all four children will be harmed in the future if placed in respondent's care. Additionally, the court found it was in the children's best interests to terminate respondent's parental rights. The court then entered an order terminating respondent's parental rights under MCL 712A.19b(3)(b)(*ii*), (b)(*iii*), and (j).

-1-

## II.  STATUTORY GROUNDS

### A.  STANDARD OF REVIEW

Respondent argues that the trial court erred by finding statutory grounds to terminate her parental rights.  We review for clear error the trial court finding that statutory grounds for termination have been established.  *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013).  "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses."  *Id*. (quotation marks and citation omitted).

### B.  ANALYSIS

The court found that termination of respondent's parental rights was warranted under MCL 712A.19b(3)(b)(*ii*), (b)(*iii*), and (j).  Termination is proper under MCL 712A.9b(3)(b)(*ii*) and (*iii*) if the court finds by clear and convincing evidence:

> (b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

> \* \* \*

> (*ii*) The parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home.

Here, the record reflects that two of respondent's children were sexually abused by respondent's boyfriend.  Respondent was aware that her boyfriend had been previously convicted of criminal sexual conduct involving his own daughter and that he was a registered sex offender.  Indeed, she was warned by Children Protective Services in 2019 that her boyfriend had a history of predatory behavior and was advised to implement a safety plan in order to keep her children safe.  Instead of taking steps to protect her children, however, she allowed her boyfriend unsupervised contact with the children both at her home and at his home.

Additionally, after two of respondent's children disclosed that her boyfriend had sexually abused them, respondent did not support them.  Instead, she alleged that the accusations were fabricated so that the children's father could gain custody of them.  Even after respondent's boyfriend was arrested on charges that he had sexually assaulted two of her children, respondent maintained contact with him.  The record reflects that she spoke to him at least 80 times during his incarceration.  She also arranged for her boyfriend to have a conversation with one of his accusers.  She did not believe her children until after her boyfriend pleaded guilty to the criminal sexual misconduct charges.

The record also reflects that respondent allowed a male friend, who was later convicted of criminal sexual conduct, to watch the children when she was recovering from surgery.  There was also testimony that another of respondent's ex-boyfriends would play a "game" with one of respondent's now adult daughters to make her "boobs jiggle."  He would also make comments on

that child's breasts and buttocks. Finally, after the children were removed from respondent's care, she continued to associate with another a male friend who had a criminal history of domestic violence.

In light of the record in this case, we conclude that the trial court did not clearly err by finding that two of the children were sexually abused by respondent's boyfriend and that respondent failed to protect them from the abuse. Moreover, the trial court did not clearly err by finding that respondent will not prioritize her children's safety or defend her children against abuse in the future. Termination, therefore, was proper under MCL 712A.19b(3)(b)(*ii*).[1]

## III. BEST INTERESTS

### A. STANDARD OF REVIEW

Respondent argues the trial court clearly erred when it determined that termination of her parental rights was in the children's best interests. "Whether termination of parental rights is in the best interest of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. We review the trial court's findings and ruling that termination is in the child's best interests for clear error. *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).

### B. ANALYSIS

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014) (citation omitted). When making that determination, the court may consider "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id*. (quotation marks and citation omitted). The child's well-being while in care and the possibility of adoption may also be considered. *Id*. at 714 (citation omitted). The court must consider "whether termination is appropriate in light of the [child's] placement with relatives." *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012).

Here, respondent failed to heed explicit warnings that she needed to protect her children from her boyfriend, who had been convicted of sexually abusing his minor daughter. Respondent knew that he had been convicted and that he was a registered sex offender. Despite that knowledge, she left her children unsupervised at his house and at her house. And, as noted above, she did not believe her children's accusations against her boyfriend until he pleaded guilty to the charges.

Respondent also failed to follow the rules of her visitation order that prohibited her from contacting her three minor daughters. Respondent texted her daughters on multiple occasions and showed up in person to talk to two of them at a local parade. Additionally, as discussed above, she consistently allowed men with a history of sexual misconduct, including misconduct against

---

[1] Because only one statutory ground for termination is necessary, we decline to consider whether termination was also warranted under MCL 712A.19b(3)(b)(*iii*) and (j). See *In re Moss*, 301 Mich App at 80.

children, to be around her children, and some of these men had sexually abused or harassed her children.

Although the children were bonded with respondent, they displayed behavioral issues after they were in contact with her. In contrast, each child was doing well in their respective relative placements and their needs were being met. The court specifically addressed the children's placements with relative caregivers in its determination and concluded the children's needs for permanency and stability outweighed that factor. Likewise, the trial court found that, despite the children sharing a bond with respondent, termination of respondent's parental rights was necessary for the children to achieve permanency and stability. In light of this record, the trial court did not err when it concluded termination was in all four children's best interests.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Michael J. Kelly
/s/ Michelle M. Rick