*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* EVANS, Minors.

UNPUBLISHED
October 14, 2025
8:50 AM

No. 369410
Wayne Circuit Court
Family Division
LC No. 2023-000766-NA

Before: WALLACE, P.J., and RICK and GARRETT, JJ.

PER CURIAM.

Respondent-father appeals as of right the order terminating his parental rights to the minor children, AAE and SAE (collectively, the children), under MCL 712A.19b(3)(b)(*i*) (parent's act caused child or sibling sexual abuse and sexual abuse is reasonably likely to happen again), (j) (reasonable likelihood of harm), (k)(*i*) (sexual abuse of a child or the child's sibling including abandonment and reasonable likelihood of harm), and (k)(*ii*) (sexual abuse of a child or the child's sibling including criminal sexual conduct and reasonable likelihood of harm).[1] We affirm.

## I. BACKGROUND

In May 2023, petitioner, Department of Health and Human Services (DHHS), filed a permanent custody petition to remove the children from respondent and terminate his parental rights. Petitioner alleged that respondent sexually abused SAE on at least five occasions, beginning when she was five years old. Petitioner requested the children continue to reside with their mother, where they were already living. Following a preliminary hearing, the trial court authorized the petition and removed the children from respondent, who was their noncustodial parent. The court continued the children's placement with their mother, suspending all contact and visitation between respondent and the children. Subsequently, respondent was arrested based on a Child Protective Services (CPS) complaint and charged with two counts of criminal sexual

---

[1] The children's mother was not a respondent in the proceedings below.

-1-

conduct (CSC). An amended petition was filed by petitioner which included the criminal allegations and it was authorized by the court.

In October 2023 the court held a combined adjudication and statutory grounds hearing. Following testimony from SAE and Ky'ana Ward, the author of the amended petition and a CPS specialist, the court assumed jurisdiction of the children and determined that DHHS did not have to provide respondent a treatment plan, given the severity of respondent's conduct and the risk of harm it posed to the children. It also found clear and convincing evidence of statutory grounds for termination under MCL 712A.19b(3)(b)(*i*), (j), (k)(*i*), and (k)(*ii*), relying on the doctrine of anticipatory neglect with respect to AAE. After holding a separate hearing regarding the children's best interests in December 2023, where the court heard testimony from DHHS ongoing worker, Imad Elbgal, the court determined that termination was in the best interests of the children. Accordingly, the court terminated respondent's parental rights. This appeal followed.

Respondent argues that the trial court erred in terminating his parental rights because: (1) DHHS did not make reasonable efforts towards reunification before his rights were terminated; (2) a statutory ground for termination was not established by the evidence presented; and termination was not in the children's best interests. We conclude that none of these arguments have merit.

## II. STANDARD OF REVIEW

This court reviews a trial court's decision regarding reasonable efforts for clear error. *In re Sanborn*, 337 Mich App 252, 258; 976 NW2d 44 (2021). "In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re Jackisch/Stamm-Jackisch*, 340 Mich App 326, 333; 985 NW2d 912 (2022) (quotation marks and citation omitted). This Court reviews for clear error a trial court's finding that statutory grounds exist for termination. *Id*. This Court need not consider additional grounds for the trial court's decision if termination was supported by at least one statutory ground. *Id*. at 333-334.

"Even if the trial court finds that the [DHHS] has established a ground for termination by clear and convincing evidence, it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *Sanborn*, 337 Mich App at 276 (quotation marks and citation omitted; alteration in original). This Court also reviews for clear error a trial court's determination that it was in a child's best interests to terminate a respondent's parental rights. *Jackisch/Stamm-Jackisch*, 340 Mich App at 333. "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Atchley*, 341 Mich App 332, 338; 990 NW2d 685 (2022) (quotation marks and citation omitted). This Court gives deference to the trial court's special opportunity to assess the credibility of witnesses. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

## III. ANALYSIS

## A. REASONABLE EFFORTS TO REUNIFY

Respondent contends that the sexual abuse of SAE does not rise to the level of aggravated circumstances; thus, DHHS was required to make reasonable efforts towards reunification and provide him with a treatment plan. He maintains that in the absence of a treatment plan, the trial court could not adequately determine whether statutory grounds existed to terminate his parental rights.

This Court has recognized that, except where aggravated circumstances are present, DHHS must make reasonable efforts towards reunification before it may seek termination of an individual's parental rights:

> Reasonable efforts to reunify the child and family must be made in *all* cases except those involving aggravated circumstances . . . . Absent aggravating circumstances, the DHHS has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights. As part of these reasonable efforts, the [DHHS] must create a service plan outlining the steps that both it and the parent will take to rectify the issues that led to court involvement and to achieve reunification. [*In re Simonetta*, 340 Mich App 700, 707; 987 NW2d 919 (2022) (quotation marks, citations, footnote omitted; alteration in original).]

Under MCL 712A.19a(2)(a), reasonable efforts towards reunification must be made unless "[t]here is a judicial determination that the parent has subjected the child to aggravated circumstances as provided in [MCL 722.638(1) and (2)]." MCL 722.638 provides, in relevant part:

> (1) The department shall submit a petition for authorization by the court under [MCL 712A.2(b)], if 1 or more of the following apply:
>
> (a) The department determines that a parent, guardian, or custodian, or a person who is 18 years of age or older and who resides for any length of time in the child's home, has abused the child or a sibling of the child and the abuse included 1 or more of the following:
>
> * * *
>
> (ii) Criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate. [MCL 722.638(1)(a)(ii).]

MCL 722.638(2) further provides that the department "shall" make a request for termination at the initial dispositional hearing "if a parent is a suspected perpetrator or is suspected of placing the child at an unreasonable risk of harm due to the parent's failure to take reasonable steps to intervene to eliminate that risk[.]"

Here, DHHS determined that respondent was the perpetrator of sexual abuse against SAE, which also created a risk of harm to her sibling, AAE. Accordingly, it sought removal and termination of respondent's parental rights at the initial disposition, based on respondent's

-3-

"[c]riminal sexual conduct involving penetration attempted penetration, or assault with intent to penetrate." MCL 722.638(1)(a)(*ii*). Respondent was also arrested and charged with two counts of CSC. Based on the aggravated circumstances in this case, DHHS properly sought termination at the initial disposition under MCL 722.638, and the trial court properly determined that DHHS was not statutorily obligated to offer respondent a treatment plan "because the conduct described is so heinous and depraved . . . that any child would be at risk of harm around [respondent]." Indeed, respondent even appeared to concede during the best-interests hearing that, "based on these kinds of allegations, [DHHS] [does not] have to offer him a treatment plan." Accordingly, respondent was not entitled to reasonable reunification efforts, and the trial court did not clearly err in so determining. See *Sanborn*, 337 Mich App at 258.

## B. STATUTORY GROUNDS

Respondent also argues that the trial court erred by finding a statutory ground for termination of his parental rights was established by the evidence presented. We disagree.

"Termination is appropriate pursuant to MCL 712A.19b(3)(b)(*i*) if the child or a sibling of the child has suffered sexual abuse and '[t]he parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.' " *In re Hudson*, 294 Mich App 261, 265; 817 NW2d 115 (2011), quoting MCL 712A.19b(3)(b)(*i*).

The record supports the trial court's determination that a statutory ground existed under MCL 712A.19b(3)(b)(*i*). The evidence established that respondent sexually abused SAE, who is AAE's sibling. Ward testified that SAE experienced at least five incidents of sexual abuse, including orally and by penetration, over the course of several years. SAE also testified that respondent sexually abused her on five or less occasions, with the first incident occurring when she was five years old and the last incident occurring when she was 10 or 11 years old. She testified regarding several instances of abuse, including when respondent rubbed his hand on her vagina, touched her butt, "put his private part into [her] butt," and put his mouth on her vagina and moved his tongue. This sexual abuse occurred when respondent was under the influence of alcohol. Though AAE did not witness these incidents, he was present in his room sleeping when they occurred. These repeated incidents of sexual abuse over the course of several years demonstrate a reasonable likelihood that the children would suffer from future abuse if placed with respondent. Accordingly, the trial court did not clearly err in its determination that there was a statutory ground for termination under MCL 712A.19b(3)(b)(*i*). See *Jackisch/Stamm-Jackisch*, 340 Mich App at 333.

Respondent also challenges the trial court's reliance on the doctrine of anticipatory neglect to find statutory grounds for termination with respect to AAE. "The doctrine of anticipatory neglect recognizes that [h]ow a parent treats one child is certainly *probative* of how that parent may treat other children." *In re Kellogg*, 331 Mich App 249, 259; 952 NW2d 544 (2020) (quotation marks and citation omitted; alteration in original). "However, the probative value of such an inference is decreased by differences between the children, such as age and medical conditions." *Id*. Here, the trial court did not err by concluding that respondent's treatment of SAE was probative of how he may treat AAE. Although AAE is a boy, he is only one year apart in age from SAE. Neither child had special needs, and there is otherwise no evidence suggesting that

there were significant differences between the two children. While counsel for respondent argued that the children were completely different, he did not attempt to explain their differences. Further, the sexual abuse occurred when respondent was under the influence of alcohol, i.e., when his judgment and cognitive abilities were impaired. Moreover, AAE was present in the home when the sexual abuse of SAE took place.

When termination is supported by at least one statutory ground, this Court need not consider additional grounds for the trial court's decision. *Jackisch/Stamm-Jackisch*, 340 Mich App at 333-334. Here, because a statutory ground exists under MCL 712A.19b(3)(b)(*i*), this Court is not required to consider additional grounds for the trial court's decision. See *id*. However, for the sake of completeness, we also consider whether statutory grounds for termination exist under MCL 712A.19b(3)(j), (k)(*i*), and (k)(*ii*).

MCL 712A.19b(3)(j) provides for termination if "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if the child is returned to the home of the parent." As above, this statutory ground is supported by testimony that respondent repeatedly sexually abused SAE over the course of several years, which was also probative of how respondent could treat AAE. See *Kellogg*, 331 Mich App at 259. Thus, the trial court did not clearly err in finding a statutory ground under this subsection. See *Jackisch/Stamm-Jackisch*, 340 Mich App at 333.

MCL 712A.19b(3)(k)(*i*) provides for termination if "[t]he parent abused the child or a sibling of the child, and the abuse included . . . [a]bandonment of a young child."[2] This statutory provision also requires "a reasonable likelihood that the child will be harmed if returned to the care of the parent[.]" MCL 712A.19b(3)(k). While the record establishes that respondent sexually abused SAE, there are no allegations that he abandoned either of the children. Prior to SAE's allegations of sexual abuse, respondent and the children's mother "had a pretty good co-parenting relationship." Although respondent was SAE's putative father at the beginning of the proceedings, he signed an affidavit of parentage on July 7, 2023. Accordingly, we agree that the trial court clearly erred by finding a statutory ground to terminate under this provision. However, this error is not grounds for reversal because termination was supported by additional statutory grounds. See *Jackisch/Stamm-Jackisch*, 340 Mich App at 333-334.

MCL 712A.19b(3)(k)(*ii*) provides for termination if "[t]he parent abused the child or a sibling of the child, and the abuse included . . . [c]riminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate." As above, this statutory provision requires "a reasonable likelihood that the child will be harmed if returned to the care of the parent[.]" MCL 712A.19b(3)(k). Much of the reasoning that supports the trial court's determination with respect to MCL 712A.19b(3)(b)(*i*) also establishes a statutory ground under this subsection. Ward and SAE both testified that respondent's sexual abuse of SAE involved "penetration, attempted penetration, or assault with intent to penetrate." MCL 712A.19b(3)(k)(ii). Respondent's repeated instances of sexual abuse demonstrate a reasonable likelihood of harm if

---

[2] We note that neither the original nor amended petitions sought termination under MCL 712A.19b(3)(k)(*i*).

the children are returned to respondent, and also serve as probative evidence regarding respondent's treatment of AAE. See *Kellogg*, 331 Mich App at 259. Accordingly, the trial court did not clearly err in finding a statutory ground under this subsection. See *Jackisch/Stamm-Jackisch*, 340 Mich App at 333.

## C. BEST INTERESTS

Respondent also argues that the trial court erred by determining that termination of his parental rights was in the children's best interests. We disagree.

At the best-interests stage of termination proceedings, the focus is on the child, and not the parent. *Atchley*, 341 Mich App at 346. This Court has articulated the following considerations with respect to a trial court's best-interests analysis:

> In making its best-interest determination, the trial court may consider the whole record, including evidence introduced by any party. [T]he child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home, are all factors for the court to consider when deciding whether termination is in the best interests of the child. The trial court may also consider the child's age, inappropriate parenting techniques, and continued involvement in domestic violence. It may further consider visitation history, the parent's engaging in questionable relationships, the parent's compliance with treatment plans, the child's well-being in care, and the possibility of adoption. [*Sanborn*, 337 Mich App at 276-277 (quotation marks and citations omitted; alteration in original).]

The trial court is required to consider a child's placement with relatives, which weighs against termination. *Atchley*, 341 Mich App at 347. However, this alone is not dispositive because a trial court may still terminate parental rights in favor of placing a child with a relative if termination is in the child's best interests. *Id.* (citation omitted).

Here, the trial court's determination that termination was in the best interests of the children was supported by the record. Elbgal testified that termination of respondent's parental rights was in the children's best interests because of respondent's repeated sexual abuse of SAE, and the risk that his conduct posed to AAE. There was a particular danger of reoccurring abuse to SAE, which could cause the children mental and emotional harm if respondent maintained his parental rights. SAE did not wish to have a relationship with respondent. Further, respondent was not involved in any prior counseling, and Elbgal testified that any future involvement in substance abuse counseling[3] could not repair the relationship between him and the children, given the nature of the abuse. Finally, Elbgal did not believe there was a lesser alternative to terminating respondent's parental rights.

---

[3] According to the record evidence, the sexual abuse of SAE by respondent occurred while he was under the influence of alcohol.

While "the trial court has a duty to decide the best interests of each child individually,"[4] the record nonetheless supports that termination was in AAE's best interests, despite the fact that he was not sexually abused. See *In re Mota Minors*, 334 Mich App 300; 964 NW2d 881 (2020). Elbgal testified that respondent was involved with AAE's life and that the two had a relationship. However, although AAE was initially "on the fence" about whether he wanted to have a relationship with respondent, he ultimately agreed it was in his best interests to not maintain a relationship with respondent because of what respondent did to SAE. As stated above, respondent's abuse posed a risk to AAE, including mental and emotional harm. Elbgal also testified that he did not believe it was viable for AAE to maintain a separate relationship with respondent.

Further, respondent abused alcohol during his parenting time with both children. He committed the offenses against SAE when AAE was present in the home. Although DHHS did not offer respondent a treatment plan, due to the aggravating circumstances in this matter, respondent could have initiated alcohol counseling or parenting classes, yet the record does not indicate that he did so.

Finally, the trial court explicitly noted that the children were living with their mother, who provided them a "safe home environment." Despite their placement with a relative, the court determined that termination was in the children's best interests, which was supported by the record, as detailed above. Moreover, as the court noted, although the court granted respondent's request for an adjournment of the best-interests hearing so that he could obtain a clinical evaluation, respondent then failed to appear for that evaluation which was a clear indication that the children were not his priority. As the court held, respondent presented no evidence to show that he was committed to raising his children in a safe and proper environment. Accordingly, the trial court did not clearly err with respect to its best-interests determination.

Affirmed.

/s/ Randy J. Wallace
/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett

---

[4] *In re Olive/Metts Minors*, 297 Mich App 35, 42; 823 NW2d 144 (2012).