*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SECRETO, Minors.

UNPUBLISHED
January 28, 2026
8:36 AM

No. 975915
Oakland Circuit Court
Family Division
LC No. 2024-887133-NA

Before: BORRELLO, P.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

Respondent appeals the trial court's order finding statutory grounds to terminate his parental rights to his minor children, raising challenges to the validity of his underlying no-contest plea and the factual basis supporting the statutory grounds for termination. We affirm.

## I. BACKGROUND

This case arises from respondent's sexual abuse of his teenage stepdaughter, KRF. Respondent exhibited a pattern of inappropriate behavior towards KRF, which culminated in him sexually assaulting her in the family's apartment while the rest of the family slept. After KRF reported the abuse, the Department of Health and Human Services (DHHS) filed a petition seeking termination of respondent's parental rights to respondent's minor sons, PS and ES, at the initial disposition.

Respondent pleaded no contest to statutory grounds for jurisdiction and termination of his parental rights, and the parties agreed to use three exhibits to establish the factual basis for each: (1) a police report regarding KRF's sexual assault, (2) a DHHS report detailing its investigation into the assault, and (3) the permanent wardship petition. On this evidence, the trial court found statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*ix*), and the parties agreed to schedule a best-interest hearing for a later date. Before the trial court held that hearing, however, respondent moved for a rehearing and to withdraw his plea as to statutory grounds for termination. The trial court denied his motion, and respondent now appeals.

## II. APPELLATE JURISDICTION

As an initial matter, DHHS correctly contends that respondent is not entitled to an appeal as of right in this matter. In his claim-of-appeal form filed in this Court, respondent identified the order appealed as a May 5, 2025 order denying his motion for rehearing and to withdraw his plea. However, because such order is not appealable by right, see MCR 3.993(A), we construe it as a request for an extension of the time to file his appeal from the March 11, 2025 "Order Following Hearing on Petition to Terminate Parental Rights," see MCR 7.204(A). That order found statutory grounds to terminate respondent's parental rights and set the matter for a best-interest hearing. But because it did not determine what action would be taken on the children's behalves, it was not an order of disposition. See *In re Mota*, 334 Mich App 300, 312-313; 964 NW2d 881 (2020). Indeed, the petition to terminate respondent's parental rights to PS and ES remained pending after the trial court's entry of that order, subject to the best-interest hearing. Failing to fall within any of the appealable-by-right orders enumerated in MCR 3.993(A), the "Order Following Hearing on Petition to Terminate Parental Rights" was therefore only appealable by leave. MCR 3.993(B). In the interest of judicial economy, however, we nonetheless exercise our discretion and treat respondent's claim of appeal as on leave granted. See, e.g., *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012).

## III. STATUTORY GROUNDS FOR TERMINATION

### A. SUFFICIENCY OF THE EVIDENCE

Respondent primarily challenges the sufficiency of the evidence establishing that statutory grounds existed to terminate his parental rights, which DHHS must establish by clear and convincing evidence.[1] *In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020). "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018) (quotation marks and citation omitted). "A trial court's decision is clearly erroneous if although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re Olive/Metts Minors*, 297 Mich App 35, 41; 823 NW2d 144 (2012) (cleaned up; quotation marks and citation omitted). And here, we discern no clear error.

The trial court found statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*ix*). Considering the trial court need only find one statutory ground for termination, *In re Pederson*, 331 Mich App at 472, we focus our attention on MCL 712A.19b(3)(k)(*ix*), which authorizes termination where the respondent perpetrated sexual abuse, as defined in MCL 722.622, against the child or the child's sibling, and there is a reasonable

---

[1] Respondent's brief on appeal includes several statements of law applicable to statutory grounds for jurisdiction, but he does not actually challenge the statutory bases on which the trial court exercised jurisdiction, nor apply any of the cited law to the facts of this case. Accordingly, to the extent respondent raises any claims of error relative to his no-contest plea to the trial court's jurisdiction over his children, we consider such arguments abandoned, *In re ASF*, 311 Mich App 420, 440; 876 NW2d 253 (2015), and decline to address them.

likelihood of harm if the child is returned to the respondent's care. "[S]exual abuse" includes "sexual penetration" and "sexual contact," MCL 722.622(q), which in turn are respectively defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required," MCL 750.520a(r), and "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, [or] done for a sexual purpose . . . ," MCL 750.520a(q).

Ample record evidence supports the conclusion that statutory grounds existed to terminate respondent's parental rights to PS and ES. First, the DHHS report and petition demonstrated that KRF, ES, and PS share the same biological mother, thus making them siblings. See MCL 712A.13a(1)(*l*). Second, respondent sexually abused KRF by way of sexual contact and sexual penetration. See MCL 712A.19b(k)(*iv*); MCL 750.520a(q) and (r). More specifically, the three exhibits outlined KRF's claims that, on one occasion, respondent got into her bed; grinded against her sexually; digitally penetrated her vagina; performed oral sex on her; and requested she perform oral sex on him, which KRF did out of fear of reprisal if she refused. Both the police and DHHS reports described statements from other people to whom KRF disclosed the abuse shortly after it occurred, including the statement of KRF's mother asserting that respondent admitted to the sexual assault. And data collected from KRF's phone corroborated aspects of her description of the sexual abuse and surrounding circumstances. Finally, the exhibits included descriptions of respondent's behavior that demonstrated a reasonable likelihood that ES and PS would be harmed if returned to his care. For example, the police and DHHS reports recited KRF's claim that respondent sexually assaulted her in the family's apartment, while ES slept on a couch in the same room. Respondent neither explains, nor can we discern, how a parent's sexual assault of his child's half-sibling, *in front of the child*, is insufficient to demonstrate a risk of future harm to that child if placed in the parent's care.

Respondent does not contest the accuracy of the exhibits on which the trial court relied, nor that he sexually abused KRF. Instead, he claims the evidence did not demonstrate a risk of harm to PS and ES if returned to his care, emphasizing the differences between KRF and his children. Though respondent does not identify it by name, this argument implicates the doctrine of anticipatory neglect, which "recognizes that [h]ow a parent treats one child is certainly probative of how that parent may treat other children." *In re AH*, 245 Mich App 77, 84; 627 NW2d 33 (2001) (alteration in original; quotation marks and citation omitted). In this regard, anticipatory neglect "permits a forward-looking assessment of risk." *In re KV*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 374236); slip op at 7.

As an initial matter, respondent's argument suggests that the only risk of harm contemplated by MCL 712A.19b(3)(k)(*ix*) is a physical one of the type inflicted on the sibling—here, sexual abuse. But the statute contains no such limiting language. Instead, it merely requires "a reasonable likelihood that the child would be harmed if returned to the care of the parent[.]" MCL 712A.19b(3)(k). What is more, this Court has interpreted harm within the context of other provisions of MCL 712A.19b to include physical *and* emotional harm. See *In re Sanborn*, 337 Mich App 252, 279; 976 NW2d 44 (2021) ("The harm contemplated under MCL 712A.19b(3)(j) includes emotional harm as well as physical harm."); *In re Hudson*, 294 Mich App 261, 268; 817

NW2d 115 (2011) (discussing the reasonable likelihood of harm, for purposes of MCL 712A.19b(3)(j), to include physical and emotional harm). We see no reason that the harm contemplated under MCL 712A.19b(3)(k) would not likewise include emotional harm.

With this understanding, the record evidence demonstrates a risk of harm to PS and ES if returned to respondent's care. Not only did respondent sexually abuse his children's half-sibling, he did so while one of his children slept in the same room, and the rest of the family slept in the same apartment. The evidence also indicated that respondent told the teenaged KRF that she "would be a better mother" than her own mother (who is respondent's wife and the mother of ES and PS); had been offering her marijuana and alcohol for years before the assault and allowed her to smoke marijuana while driving a vehicle in his presence; tried to justify his sexual abuse of KRF, including by claiming it was consensual; told KRF that he masturbated to pictures of her and ejaculated onto her pillow; called KRF "hot" in front of other family members; and told KRF that he was going to "kidnap" or "runaway" with her (and potentially her younger sister, who is also the half-sibling of respondent's children) and "start over." Respondent fails to explain how the trial court's conclusion that this behavior risked emotional or physical harm to ES or PS was clearly erroneous.

It is true that "the probative value of such an inference is decreased by differences between the children, such as age and medical conditions." *In re Kellogg*, 331 Mich App 249, 259; 952 NW2d 544 (2020). However, this court has previously advised that the inference can be applicable despite such differences, because "abuse is abuse." *In re Mota*, 334 Mich App at 320, 322-323. As such, the doctrine of anticipatory neglect can apply despite the differences in gender and biological relationship. In this situation, respondent's plain disregard for the well-being of ES and PS, both of whom resided in the same household and one of whom was in close physical proximity to the sexual abuse when it occurred, supports use of the presumption of anticipatory neglect in this case. See *In re Hudson*, 294 Mich App at 267-268 (risk of emotional harm to the children was considered where mother violated her children's trust because of her acts of sexual abuse).

In sum, upon review of this record, we are not left with a definite and firm conviction that the trial court erred by concluding that a statutory ground existed to terminate respondent's parental rights to ES and PS under MCL 712A.19b(3)(k)(*ix*).

## B. ALLEGED DEFICIENCIES IN PETITION

Respondent also claims that the trial court should not have accepted his no-contest plea relative to the petition's allegations supporting statutory grounds for termination because the underlying petition did not adequately set forth aggravating circumstances allowing DHHS to seek termination at the initial disposition. We again disagree.

"Absent aggravating circumstances, the DHHS has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights." *In re Simonetta*, 340 Mich App 700, 707; 987 NW2d 919 (2022) (quotation marks and citation omitted). See also MCL 712A.19a(2). One such aggravating circumstance is found in MCL 722.638(1)(a)(*ii*), which requires DHHS to file a petition if it determines that a parent or guardian residing in the same home as the child "has abused the child or a sibling of the child," and the abuse included "[c]riminal sexual conduct involving penetration, attempted penetration, or assault with intent to

-4-

penetrate." If the parent is a suspected perpetrator, such petition must seek termination at the initial disposition. MCL 722.638(2).

Respondent first contends that the petition did not contain allegations supporting the aggravated circumstance of sexual penetration, such that DHHS could not seek termination at the initial disposition. This assertion, however, has no basis in the record—the petition expressly alleged that respondent digitally penetrated KRF's vagina, performed oral sex on her, and forced her to perform oral sex on him. Each of these acts constitutes sexual penetration involving KRF, who is a sibling of respondent's children. MCL 750.520a(r); MCL 712A.13a(1)(*l*). As such, DHHS was not only allowed to seek termination at the initial disposition, but required to do so under MCL 722.638(2).

Respondent further contends that the petition was deficient because its "wherefore" clause did not allege that he "committed acts that constituted aggravated circumstances" against KRF. He provides, however, no authority indicating that a petition must identify the specific aggravated circumstances, whether in the "wherefore" clause or otherwise, in order for a trial court to determine that aggravated circumstances exist and consider statutory grounds for termination at the initial disposition. It is not our obligation to "search for authority either to sustain or reject" respondent's claims. *In re TK*, 306 Mich App 698, 712; 859 NW2d 208 (2014). What is more, respondent's argument conflicts with this Court's oft-repeated duty to apply the plain language of unambiguous statutes. See, e.g., *In re TEM*, 343 Mich App 171, 180; 996 NW2d 850 (2022) ("If a statute is unambiguous, it must be applied as plainly written. This Court may not read something into the statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.") (quotation marks and citations omitted). Indeed, MCL 722.638(2) merely requires that a petition seeking termination at the initial disposition "include a request for termination of parental rights at the initial dispositional hearing . . . ." And notably, neither MCR 3.961 nor MCR 3.977—which respectively govern the content of a petition and the procedure to terminate parental rights at the initial disposition—require a petition to so identify the aggravated circumstance under which termination is sought.

Although the petition here does not use the term "aggravated circumstances," it nonetheless adequately apprised respondent of the allegations against him and provided him an opportunity to present a defense, if he so chose. See *In re Sanders*, 495 Mich 394, 405; 852 NW2d 524 (2014) ("To initiate a child protective proceeding, the state must file . . . a petition containing facts that constitute an offense against the child under the juvenile code (i.e., MCL 712A.2(b))."); *In re Dearmon*, 303 Mich App 684, 693-694; 847 NW2d 514 (2014) (explaining that service of a petition "places a parent on notice" of the intention to terminate his or her parental rights, "apprises the parent of the charges levied against him or her," and "affords reasonable time to prepare a defense"). Indeed, the petition indicated that DHHS sought termination of respondent's parental rights at the initial disposition, and it included sufficient information for respondent and the trial court to understand that DHHS did so on the basis of respondent's sexual penetration of KRF. More specifically, it listed MCL 712A.19b(3)(k)(*ix*) as a statutory ground for termination, which authorizes termination where a respondent sexually abuses a child's sibling. Significantly, that provision expressly adopts the definition of sexual abuse contained in MCL 722.622, which includes sexual penetration. MCL 722.622(q); MCL 750.520a(r). And, as discussed, the petition contained specific allegations regarding respondent's sexual penetration of KRF, who is a sibling of respondent's children. Accordingly, the petition adequately identified aggravated

-5-

circumstances for purposes of MCL 722.638(1)(a)(*ii*)—i.e., criminal sexual conduct involving penetration of the children's sibling, KRF.

## IV. CONCLUSION

For these reasons, we affirm.

/s/ Stephen L. Borrello
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock